## The State of Louisiana *v.* C. Redmond.

Defendant, an attorney at law, was fined and imprisoned for filing an argument in the Supreme Court, which was held to be indecorous and disrespectful to the court and to one of its members.

THE following is the argument filed :

Now comes into court, the appellant in the above entitled suit, by his counsel, and prays leave respectfully to file this, his exception and recusation to the competency of the Hon. *A. M. Buchanan*, one of the Judges of this honorable court, to hear or determine, or to assist in hearing or determing this appeal, on the ground, that the same was taken from the final decision of the said Hon. *A. M. Buchanan*, whilst presiding as Judge of the Fifth District Court of New Orleans.

ARGUMENT.

We contend, that the Judge *a quo* is not competent to review his own opinion as a member of this honorable court. Such competency could only be founded on the inadmissible supposition that he had failed in the court below to discharge the trust reposed in him to the utmost extent of his ability.

His honor below, not merely refused the plaintiff a new trial, but he stigmatized the plaintiffs appearance in court, as an audacious attempt to release himself by a fraud upon the law, from all the duties of a husband and a parent. The appellant might perhaps indulge in the forlorn hope of inducing his honor *a quo* to reconsider his views of the *law*, but to delude himself into the belief, that he can alter or modify his stern appreciations of the *facts* of this cause, would be the perfection of irrationality. Under these circumstances, it is most respectfully submitted to the court and to all its members, that, if unfortunately this appellate tribunal should concur in the judgment of the court below, the moral sanction of such acquiescence would be materially weakened by the participation *therein* of the magistrate who rendered the original decision.

The appellant would more particularly beg leave to endeavor to impress on the minds of the court, the conviction that in *creating* or even in *recognizing* certain causes of recusation, the Legislature never dreamt of confining to that meagre catalogue, the discretion of the courts on the subject of judicial incompetency.

It would be scarcely possible, or if possible, scarcely respectful to the court, to enumerate one tithe of the causes of disqualification which, beyond all *per adventure*, would render a Judge incompetent to perform *at all* the functions of his higher station.

Suffice it to say, that *all* the defects of mind, body or character, to which frail humanity is subject, would, when manifested with a certain degree of intensity, warrant the total exclusion of the Judge from his bench. Who will contend that the madman, the felon, the mesmerist, the spiritual rapper, &c., &c., are entitled to set in judgment on the lives and fortunes of the community ? No sane man. Nor does the Code of Practice set up any such absurd doctrine. The causes of recusation which it enumerates, are simply placed beyond the pale of judicial discretion—that discretion yet remains vital, though latent in the breast of the court, inherent as an indispensable accessory to the faithful administration of the trust which the law has reposed in it.

The exercise of this discretion cannot be fettered by any inference deducible from the practice of the Federal Courts. *First*, because that system is by *law* established. *Second*, because the reason of the federal law does not apply. The District Judge, sitting as Circuit Judge, can pronounce no final opinion ; but, on the contrary, the Circuit Judge is deputed by law to examine whether or not the decision of the District Court does not warrant an appeal. The appellate jurisdiction of the Circuit, considered as intermediary between the Supreme and the District Courts, is simply a contrivance, whereby the former tribunal is sought to be relieved of a vast number of frivolous appeals, which would seriously obstruct the progress of the most important litigation. On behalf of the Supreme Court, the member thereof who acts as Circuit Judge, is simply commissioned to inquire how far, in a certain class of cases, the right

of appeal shall extend, and to what points that appeal shall be restricted. The true, the final appeal to the Supreme Court of the United States, involves only questions of law; whereas, in the present instance, the Judge is expected to change his most hostile view of the facts of the plantiff's cause, simply because he has changed his seat from one court-room to another.

It is equally self-evident, that an infinite variety of circumstances may conspire to incapacitate a Judge, *quô-ad* a certain given case.

Let us suppose, that the Judge is not merely a witness, but a *particeps-criminis*, and having to pronounce on his own guilt or innocence. De Armas trying the case of *Plicque* v. *Lebeau;* Garland, that of *Smith* v. *McDonogh.* It may be objected, that a pecuniary interest would have excluded them as witnesses, and would have warranted their recusation as judges; but the witness may be released. Whereas there can be no compromise as to the dignity or purity of the administration of justice. But we may suppose a moral interest more violent and overwhelming than any mere pecuniary interest

Could Julius Cæsar have sat as Judge to determine the continency of Cleopatria, and when he himself was charged by the plaintiff with making his (the plaintiff's) hearth desolate? Instances of this kind might be multiplied *ad infinitum.*

Again: The Judge *a quo has* a pecuniary interest in the issue of this appeal, for the reversal of his judgment would open the door to an *action of slander against him.* Vide *reasons* for judgment.

The following order was made:

SLIDELL, C. J. It is ordered that *C. Redmond* show cause on Wednesday, the 12th inst., at 10 A. M. in open court, why he should not be punished for a contempt of this court, committed by presenting in open court on Monday, the 10th instant, and filing a certain argument in writing, signed by him as an attorney at law, in the case of *Daniel Edwards* v. *Anne Green*, on the ground that said argument is indecorous and disrespectful to this court and one of its members, and violates the 486th Article of the Code of Practice; and let notice of this order be given to the Attorney General.

Answer of the defendant to the rule:

Defendant, for answer to the order herein taken against him, why he should not be punished for contempt, most respectfully represents:

That in filing the argument referred in said order of court, this respondent had no intention to commit, or suspicion that he was committing, any violation of the rules of decorum which ought to obtain in the administration of justice, or that any portion of said argument, could be construed into a contempt of the authority or dignity of the Supreme Court of the State of Louisiana. Moreover, respondent prays leave to add, that in the case of *Edwards* v. *Green*, wherein said argument was filed, he did not consider the Judge *a quo* as forming a constituent portion of the Supreme Court, and that he, respondent, had the same right with freedom to comment on the judicial acts and arguments of the said Judge *a quo*, as if he had not been promoted to a seat in this honorable court.

Moreover, that the objections urged to the competency of said Judge, were conscientiously entertained by respondent, and not put forth for any other purpose than that of enabling the appellant to obtain a fair, impartial and constitutional trial of her appeal.

Judgment on rule:

SLIDELL, C. J. (VOORHIES, J., and BUCHANAN, J., absent.) A rule having been taken in this matter, upon *Charles Redmond*, to show cause why he should not be punished for a contempt of this court, committed by presenting in open court, on Monday, the 10th inst. and filing a certain argument in writing, signed by him, as an attorney at law in the case of *Daniel Edwards* v. *Ann Green*, on the ground that said argument is indecorous and disrespectful to this court and one of its members, and violates the 486th Article of the Code of Practice, and the said *C. Redmond* having this day appeared, and having shown by his

answer no sufficient cause; and especially said answer being insufficient in this, that it does not disclaim an intention to insult the Honorable *A. M. Buchanan,* one of the justices of this court, sitting at the time said argument was presented and filed, and on the contrary is considered as virtually reaffirming the allegations of said written argument, touching said justice; and the court considering the 486th Article of the Code of Practice, the Act of March 27, 1823, and the power and duty of the court in such cases, and being of opinion that said written argument is disrespectful to this court, and especially to one of the justices thereof.

It is ordered, that said *Charles Redmond* be imprisoned for twenty-four hours in the parish prison, and that he pay a fine of $50, and the costs of this proceeding.