HAWTHORNE, Justice.
■ This contempt proceeding arose under the following circumstances:
Dan A. Spencer, attorney' at law of Shreveport, Louisiana; as 'counsel for the plaintiff in the case of Bert J. Leahy v. *607 Ford, Walker, & Hearn, Inc., No. 168,469 on the docket of the First Judicial District Court of Caddo Parish, filed a petition in that court praying that a' rule issue against Judge John A. Dixon, Jr., judge of the First Judicial District, to show cause upon a date to be fixed by the court why he should not render judgment in the Leahy case, and praying also that a rule issue against Dozier Webster, clerk of that court, to show cause why he should not be ordered to notify the state auditor of the failure of Judge Dixon to render judgment within 30 days of the submission of the Leahy case. This petition with the customary orders attached was presented to Judge Henry F. Turner, another judge of that court, who refused to sign the orders for the rules and for the issuance of the alternative writs of mandamus.
The attorney Spencer then applied to the Court of Appeal, Second Circuit, for a writ of certiorari, asking for review of the refusal of Judge Turner to sign the orders and asking also for a writ of mandamus ordering Judge Turner to sign the orders. The respondent Judge Turner filed an answer to the application in the Court of Appeal, in which he stated that he refused to sign the orders for the reason, among others, that “An inspection of the minutes of this court reveals that Judge Dixon did render a judgment in the case of Bert J. Leahy vs. Ford, Walker, & Hearn, Inc. number 168,469 on the docket of this court and that said judgment has now been read, signed and filed”. The Court of Appeal denied the application, saying: “Applicant’s petition as plaintiff in suit shows that an opinion was rendered.” Spencer then sought relief in this court under our supervisory jurisdiction.
Spencer instituted these proceedings in the district court under R.S. 13:4207 and 13:4210. R.S. 13 :4207 makes it the mandatory duty of a district judge to render judgment in each case taken under advisement by him within 30 days of the time the case was submitted for his decision. R.S. 13:4210 provides that any district judge who shall violate this provision shall forfeit one quarter’s salary for each violation. In addition this latter section makes it the mandatory duty of the clerk of court to notify the state auditor of the failure of the judge to render his decision within the time prescribed, and requires the auditor upon receiving such notification to withhold from the judge the payment of one quarter’s salary and to pay this amount into the general school fund.
In considering the application for writs this court noted that although the return of the district judge made to the Court of Appeal stated that according to the minutes in the Leahy case the judgment had “now been read, signed and filed”, this return did not disclose the date on which the judgment was rendered or show that it had been rendered within 30 days after the case had *609 been submitted for decision. Therefore, to aid in our disposition of the application we requested that the clerk of the First Judicial District Court send to us a certified copy of the minutes in the Leahy case relied on by the district judge. In due course this court received these minutes, certified to be correct by Inez M. Stancel, deputy clerk of the First Judicial District Court, Caddo Parish. The minutes disclosed that on June 25, 1965, the case was closed, argued, and submitted, and that on this same day judgment was rendered in favor of the plaintiff.
The record of this case in the • district court revealed nothing which could have caused Judge Turner not to follow the mandate of Article 3865 of the Code of Civil' Procedure that “Upon the filing of a petition for a writ of mandamus, the court shall order the issuance of an alternative writ directing the defendant to perform the act demanded or to show cause to the contrary”. However, the judge’s return to the Court of Appeal stated that in the Leahy case judgment had now been read, signed, and filed, and the certified copy of the minutes of that court disclosed that the judgment was rendered on the day the case was submitted. Consequently, in view of the minutes and the district judge’s return, it would have been a vain and useless thing to exercise our supervisory jurisdiction and order the record transmitted to this court, for the record as made up would disclose that judgment in the Leahy case had been rendered by Judge Dixon on the very day the case was submitted. In other words, according to the return of the district judge and the certified copy of the minutes the question of the rendition of the judgment by the trial judge had become moot. Moreover, as long as the minutes show that the judgment was rendered on the very day the case was submitted, it would be improper to order the clerk to notify the auditor that the judge failed in his duty to render a judgment within the time required.
Because of all this, this court refused Spencer’s application for writs, stating:
“In view of the fact that the return of the district judge, together with certified copy of the minutes of the trial court, shows that in the case of Bert J. Leahy v. Ford, Walker, & Hearn, Inc., No. 168,469 on the docket of the First Judicial District Court for the Parish of Caddo, a judgment was rendered within 30 days after the case was submitted, the application for writs is denied.”
For the reasons given, this court was clearly correct in denying Spencer’s application for writs under both the law and the facts of this case. Spencer, however, filed an application for a rehearing to our refusal of his application for writs; and it is in this application for rehearing that he made certain charges and statements which caused this court on September 29, 1965, *611 to issue the rule whereby he was ordered to show cause in this court on November 8, 1965, why he should not be held in contempt of this court.
In his application for rehearing Spencer charged in substance that this court ignored express statutory law in refusing his application for writs, that this court was dishonest in so doing, that it was attempting to protect the district judge, and that all of this constituted a fraud of his rights. In his application for rehearing he also charged that the minutes which disclosed that judgment had been rendered in the Leahy case on the day the case was submitted were erroneous, and on information and belief he alleged that a fraud had been practiced on this court by the forgery of these minutes.
On September 30, 1965, Spencer’s application for a rehearing was refused.[1] In denying this application the court pointed out that applicant’s remedy, if any, was to institute proceedings in the district court to correct the minutes of that court. By this we meant that if applicant could establish-that the minutes were incorrect, false, untrue, or forged and that the judgment in the Leahy case was not rendered or if rendered not rendered within 30 days after the case was submitted, then applicant could institute proceedings in the district court for the relief initially sought — that is, to compel the judge to render the judgment and the clerk to notify the auditor that the judge had failed to render a decision within the time prescribed by law.
Article 221 of the Code of Civil Procedure says:
“A contempt of court is any act or omission tending to obstruct or interfere with the orderly-administration of justice, or to impair the dignity of the court or respect for its authority.
“Contempts of court are of two kinds, direct and constructive.”
Rule IX, Section 4, of the rules of this court, which became effective on April 1, 1962, provides:
“The language used in any brief or document filed in this court must be courteous, and free from insulting or irrelevant criticism of any person, individually or officially, or of any class or association of persons, or of any court of justice, or other institution. Any violation of this rule shall subject the author or authors of the brief or document to the humiliation of having the brief or document returned, and to punishment for contempt of the authority of the ’ court.”
Article 222 of the Code of Civil Procedure defines a direct contempt as pne which is- *613 committed in the immediate view and presence of the court and of which it has personal knowledge, and then sets out certain acts which constitute direct contempt of court. One of these is set forth in Subsection (3) as follows: “Use of insulting, abusive, or discourteous language by an attorney or other person * * * in a pleading * * * or other document filed with the court in irrelevant criticism * * of a judge or officer of the court.”
Thus the charges made by Spencer in his application for a rehearing constitute under the law of this state a direct contempt of court. These charges are highly defamatory and insulting, bring the administration of law into disrespect or disregard, and impair the dignity of the court and respect for its authority. Spencer as an attorney and officer of the court, irrespective of what his personal views may be of the incumbent judges, is under a duty to maintain a respectful attitude toward the court as such. His conduct in the case tends to create distrust and to destroy the confidence of the people in the court.
In his opposition to the rule for contempt Spencer admitted that he made the charges set out above. In justification of these charges he pleads as his sole defense the truth of the charges, but justification does not constitute a defense to a contempt of court such as we have here. State ex rel. Stewart v. Reid, 118 La. 827, 43 So. 455; Gautreaux v. Gautreaux, 220 La. 564, 57 So.2d 188; 17 C.J.S. Contempt § 37b, p. 101; 17 Am.Jur.2d, Contempt, Sec. 27, at p. 32; see also Patterson v. State of Colorado ex rel. Attorney General, 205 U.S. 454, 27 S.Ct. 556, 51 L.Ed. 879; Lanoix v. Home Indemnity Co. of New York, 204 La. 1044, 16 So.2d 834; Dale v. State, 198 Ind. 110, 150 N.E. 781, 49 A.L.R. 647.
Respondent Spencer filed a motion in these proceedings for a trial by jury. This motion is without merit. Contempt proceedings under the laws of this state are summary proceedings. C.C.P. Arts. 221-227. Under these articles a person charged with constructive contempt is proceeded against by rule, whereas under Article 223 a person who has committed a direct contempt of court may be found guilty and punished therefor by the court forthwith and without any trial other than an opportunity to be heard orally by way of defense or mitigation. Although Spencer, who committed a direct contempt, could have been found guilty and punished forthwith pursuant to Article 223, we proceeded against him by rule and allowed him to file written motions. This being a summary proceeding, however, he was not entitled to a trial by jury, for Article 1733 of the Code of Givil Procedure expressly provides that a trial by jury shall not be available in a summary proceeding.
Spencer’s theory is that this proceeding is criminal in nature, and he con *615 tends that for this reason he is entitled to a trial by jury. Even if this theory were correct, his contention would be without merit. Both our Constitution and our Code of Criminal Procedure provide that misdemeanor cases — that is to say, cases in which the punishment may not be at hard labor — are triable by the judge without a jury. La.Const. of 1921, Art. 7, Sec. 41; La.Code Crim.Proc. Art. 340. Our laws do not permit imprisonment at hard labor for contempt.
In support of this contention respondent relies on the Sixth and Fourteenth Amendments to the Constitution of the United States and on United States Supreme Court decisions. Neither these provisions of the federal Constitution nor the cited cases are applicable in the instant case.
Respondent also filed a motion to recuse the seven justices of this court, alleging that they were biased and not impartial and for this reason should be recused. We are acting in a purely impersonal manner to maintain the dignity of and respect for this court, for which we have full authority, and the motion for recusation is without merit. City of Gretna v. Rossner, 154 La. 117, 97 So. 335; Patterson v. State of Colorado ex rel. Attorney General, 205 U.S. 454, 27 S.Ct. 556, 51 L.Ed. 879; Sacher v. United States, 343 U.S. 1, 72 S.Ct. 451, 96 L.Ed. 717; Myers v. State, 46 Ohio St. 473, 22 N.E. 43; Blodgett v. Superior Court, 210 Cal. 1, 290 P. 293, 72 A.L.R. 482; Lamberson v. Superior Court, 151 Cal. 458, 91 P. 100, 11 L.R.A.,N.S., 619; Turkington v. Municipal Court, 85 Cal.App.2d 631, 193 P.2d 795; In re Brown, 168 N.C. 417, 84 S.E. 690.
In the City of Gretna case, supra, this court said:
“A contempt proceeding, however, is neither a civil nor a criminal cause in the proper acceptation of these terms, as its object is to vindicate the authority and dignity of the court. Contempt is not a statutory crime against the state, though considered in some degree as a criminal act, but is a disobedience of some rule or order of the court, or disrespect for the court.
“The judge presiding over the court is therefore the proper party to try the person committing the contempt, and is not subject to recusation for the cause of interest or prejudice. * * * It is well settled that no court except that against which the contempt is committed has power to punish it. Corpus Juris, paragraphs 69 and 83, verbo 'Contempt.’
“For these reasons the [judge] properly overruled the motion for his recusation on the ground of prejudice against the mover.”
In an Annotation “Disqualification of judge in proceedings to punish contempt against or involving himself or court of which he is a member”, 64 A.L.R.2d 600, 614, it is stated:
“It is well settled that a judge is not disqualified in contempt proceedings merely *617 because the contempt was committed against himself or a court of which he was a member.”
In the case In re Brown, supra, the court said:
“ * * * The power in question is conferred to enable a court to command respect and obedience and it would go far to weaken and, in case of direct contempt, would well-nigh destroy it if the occasion •of its present exercise would have to be referred for decision to some other tribunal ■or agency.”
Spencer argues that because of the bias and prejudice of the members of this court the failure of this court to sustain his motion to recuse all members of this court denied to him due process as guaranteed by the Fourteenth Amendment.
Citation of an attorney for contempt of ■court is a serious matter, and the courts of this state, reluctant to punish an attorney for contempt, exercise this power sparingly. For this reason we afforded Spencer every opportunity to be heard orally by way of defense or mitigation, in the hope that he would purge himself of the charge. This he steadfastly refused to do, and in language used in his written opposition and in oral argument before the court he aggravated his original offense. Moreover, he was allowed to argue the legal questions which he chose to raise in motions filed in this court. Thus he was afforded a greater right than the law gives to a person who has committed a direct contempt, for, as stated previously, under Article 223 of-the Code of Civil Procedure he could have been found guilty without any trial other than an opportunity to be heard orally by way of defense or mitigation. Under these circumstances we are at a loss to know how he could claim to have been denied due process.
In support of his motion to recuse Spencer cites authorities, especially Holt v. Com. of Virginia, 381 U.S. 131, 85 S.Ct. 1375, 14 L.Ed.2d 290. A reading of this case and the other decisions cited by him will disclose that they are in no way pertinent, relevant, or controlling here.
For the reasons assigned, after a hearing held on November 8, 1965, we found the respondent Dan A. Spencer to be guilty of direct contempt of this court, and we rendered the following decree:
Whereas the court on November 8, 1965, heard the rule for contempt issued against Dan A. Spencer, of Shreveport, Louisiana, on September 29, 1965 (a certified copy of which is attached hereto), for having used language in the application for rehearing filed by him in the above entitled and numbered cause which in effect charged (1) that this court is attempting to protect the district judge, as there existed no legal ground upon which to deny the relief sought, and that such denial constituted a fraud of his rights; (2) that under the law *619 lie was entitled to the relief sought' and that this court was dishonest in denying him this relief, and that this court in denying his application disregarded the statutes and laws of this state — all as shown by his application for rehearing filed in this court on September 3, 1965, a certified copy of which is attached hereto ;
Whereas Dan A. Spencer appeared in this court in proper person on the 8th day of November, 1965, and was given the opportunity to be heard on the charge of contempt of this court made against him;
Whereas the Chief Justice gave the respondent in rule Spencer - the opportunity to purge himself and to employ counsel to represent him and advise him in this contempt proceeding, which was refused;
Whereas Dan A. Spencer argued his motions for a trial by jury and for recusation of the judges of this court, both of which motions were denied;
Whereas the said Dan A. Spencer represented to the court that his only defense was the truth of the statements made in the said application for rehearing;
Whereas Associate Justice Walter B. Hamlin urged upon the said Dan A. Spencer that he surely did not mean his charge that this court was dishonest in refusing him the relief he sought, and
Whereas the said Dan A. Spencer replied that he did consider this court to be dishonest ;
The court therefore finds the respondent Dan A. Spencer guilty of direct contempt of this court as defined in Article 222(3) of the Code of Civil Procedure and Rule IX, Section 4, of the rules of the court, and he is sentenced to imprisonment for twenty-four hours in the Parish Prison of the Parish of Orleans and ordered to pay a fine of one hundred ($100.00) dollars and the costs of this proceeding, said fine and costs to be paid to the clerk of this court.
Read, rendered and signed at New Orleans, Louisiana, this 9th day of November,, 1965.
(s) Jno. B. Fournet, Chief Justice
(s) Joe B. Hamiter, Associate Justice-
(s) Frank W. Hawthorne, Associate Justice-
(s) E. Howard M’Caleb, Associate Justice-
(s) W. B. Hamlin, Associate Justice-
(s) Joe W. Sanders, Associate Justice
(s) Frank W. Summers, Associate Justice-

. Rule XI, Section 5, of the rules of this court provides: “An application for a rehearing will not be considered when the court has merely granted or refused to grant a writ of certiorari or review or an alternative writ of mandamus or prohibition * *