BLANCHE, Judge.
This suit involves a principal demand by Vardaman Caston against the Woman’s Hospital Foundation, Inc., and a third party demand by the Woman’s Hospital Foundation, Inc., against Burton M. Battle and a third party demand by Burton M. Battle against T. B. Bennett.
At a pre-trial conference on September 18, 1970, the suit was assigned for trial on the merits on January 5, 1971, before the Honorable Elven Ponder, Judge of the 19th Judicial District Court. Petitioner T. B. Bennett has applied to this Court for writs of mandamus, prohibition and certio-rari praying for an order by this Court to the Judge of the 19th Judicial District Court commanding him to stay all proceedings against T. B. Bennett and to grant the motion of petitioner to dismiss the third party demand of Burton M. Battle, third party plaintiff. The controversy is over the application of the rules of court by the District Judge.
Rules VI and VII of the 19th Judicial District Court require that except in workmen’s compensation cases no suit requiring a trial on the merits may be assigned except at a pre-trial conference and further provide for an elaborate pre-trial procedure, as a part of which the attorneys in civil cases are required to submit a proposed pre-trial order in advance of the pre-trial conference. Petitioner alleges that third party plaintiff Burton M. Battle failed to comply with the pre-trial procedure provided by Rule VII in that he did not attend the personal conference of attorneys in advance of the pre-trial conference for the purpose of preparing the pretrial order. The rule provides such a conference for the purpose of arriving'at all possible stipulations, exchanging copies of all documents which shall be offered in evidence at the trial, preparing a list of all the names and addresses of the witnesses (except those to be used in impeachment) who will testify at the trial, all for the purpose of preparing for submission to the court the proposed pre-trial order. It is alleged that he further did not prove or sign the proposed pre-trial order nor register any disagreement therewith as required by the rule and, additionally, did not attend the pre-trial conference or obtain permission for substitute counsel to appear. On the other hand, it is asserted that petitioner T. B. Bennett complied in every respect with the rules of court.
At the pre-trial conference petitioner moved the trial judge to invoke the penalty *874 provided by Rule VII, Section 9, of the Rules of Court of the 19th Judicial District Court which provide as follows:
“In case of failure of any party or counsel for any party to comply with the pretrial procedure, the judges of the Civil Divisions shall impose uniform penalties as follows: In the case of a plaintiff, dismissal of his suit * * (Rules of Court, Rule VII, Section 9)
The trial judge at this point advised counsel for petitioner that he would require a written motion and hearing before he would invoke the penalty prescribed by the aforesaid rule.
Thereafter, on September 30, 1970, petitioner filed a motion to dismiss the third party demand of third party plaintiff Burton M. Battle for failure to comply with the pre-trial procedure. A hearing was had on said motion on November 2, 1970, and the trial judge denied the motion assigning oral reasons therefor.
Assigned as error is the ruling of the trial judge in refusing to grant the order to dismiss the third party demand of Burton M. Battle for failure to comply with the pre-trial procedure provided for by the trial court rules.
After a hearing on the rule, the trial court rendered Oral Reasons for Judgment and found that the circumstances surrounding the failure of counsel for third party plaintiff to comply with the pre-trial order was due to an emergency and he, accordingly, would not inflict the dire consequences of dismissal of the third party petition as required by the rule, despite its mandatory language.
The rules are intended to aid the orderly conduct of litigation and should not be so literally construed as to defeat their very purpose. To this end the trial judge must of necessity be vested with the discretion to ascertain whether or not the proposed violation is such as to warrant the maximum penalty of dismissal. Suppose, for example, counsel was unable to attend the pretrial conference by reason of his having been hospitalized on account of a serious accident or disease. Certainly to dismiss plaintiff’s suit under such circumstances is to illustrate the absurd consequences of a literal application of the rule.
We find no abuse of the trial judge’s discretion and, accordingly, the writ is denied.
Writ denied.