800 So.2d 92 (2001)
Bobbie DAVIS, Individually and on Behalf of her Mother, Velma B. Hillard, Plaintiff,
v.
HARMONY HOUSE NURSING HOME, Defendant.
No. 35,080-CA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 2001.
*93 Bolen, Parker & Brenner by Gregory Englesman, James A. Bolen, Jr., Alexandria, Counsel for Appellant, James A. Bolen, Jr.
Georgia P. Kosmitis, Shreveport, Counsel for Plaintiffs.
Before BROWN, CARAWAY and KOSTELKA, JJ.
CARAWAY, J.
After being held in direct contempt for remarks about opposing counsel during a recusal hearing, the trial court imposed *94 upon appellant a suspended monetary fine. At a later contempt hearing held on the court's own motion, the trial court again found defense counsel in direct contempt of court for his discourteous cross-examination of a district judge at the recusal hearing, as well as for filing a baseless motion of recusal as an attempt to delay trial. Defense counsel argues on appeal that the trial court's findings of contempt are manifestly erroneous. Finding that counsel's statements about opposing counsel and his cross-examination of the district judge during the recusal hearing could be ruled contemptuous, we affirm.

Facts & Procedural History
Bobbie Davis ("Davis") filed a nursing home malpractice case on behalf of her mother, Velma B. Hillard, against Harmony House Nursing Home ("Harmony House"). In a discovery dispute during the suit, Davis attempted to force Harmony House employees to appear for depositions without being served with a subpoena. After a hearing on Davis's motion to compel the appearance of the employees, District Judge Scott Crichton ordered Harmony House to produce its employees for deposition without requiring Davis to serve them with subpoenas.
After the Harmony House employees did not appear at the rescheduled depositions, Davis filed a motion for contempt, which alleged that Harmony House failed to produce its employees for depositions in violation of the trial court's order. After a hearing on the matter, Judge Crichton ordered the defense to produce the Harmony House employees for the depositions. Judge Crichton warned the defense that if this order was again violated, sanctions would ensue. Davis ultimately filed a motion for sanctions, which was heard on August 28, 2000. Judge Crichton found that the defense again violated the court order and sanctioned the defense by awarding Davis attorney's fees and costs.
Harmony House viewed Judge Crichton's decisions on the discovery matter as unwarranted and sought writs to this court on two occasions, both of which were denied. Writs to the Louisiana Supreme Court were also denied on September 20, 2000.
The facts show that this case was set for jury trial on September 25, 2000, receiving a preference because of Davis's advanced age. After Judge Crichton ruled on the motion to compel deposition attendance, James A. Bolen, Jr. ("Bolen") filed a motion for continuance in early September, 2000, which was denied by the trial court. On September 20, 2000, Bolen then filed a motion to recuse Judge Crichton from the case. Bolen's motion stated that there were problems involving Judge Crichton's hearing of two other nursing home defense cases, and that Bolen believed that Judge Crichton could not give Harmony House a fair and impartial trial. Furthermore, Paragraph 2 of Bolen's motion stated:
In numerous proceedings, Judge Crichton has demonstrated his bias against Harmony House Nursing Home and its counsel, by numerous rulings made without legal basis, and against legal statutes and jurisprudence, as set forth in the accompanying memorandum.
Hearing on Bolen's motion to recuse was set for September 21, 2000 and referred to District Judge Roy Brun for disposition. During the recusal hearing, Judge Brun sanctioned Bolen for his accusations that Davis's counsel misled the court. The trial court punished Bolen's actions as direct contempt, a violation of La. C.C.P. art. 222(3), and assessed a suspended $100 fine. Judge Brun also stated that the allegations contained in Paragraph 2 of Bolen's motion to recuse were contemptible under La. C.C.P. art. 222. *95 Thus, Judge Brun scheduled another hearing for October 23, 2000 to hear Bolen's defense to the court's sua sponte motion for contempt.
In response to the trial court's contempt motion, Bolen filed an opposition and appeared on October 23 to argue his cause. At the beginning of the hearing, Judge Brun told Bolen that the proceeding would be a "criminal proceeding," and that Bolen had the right to counsel and the right against self incrimination. Bolen chose to argue the motion. Judge Brun again found Bolen in contempt of court, ruling that Bolen's cross-examination of Judge Crichton at the September 21 recusal hearing was discourteous, and that Bolen's motion to recuse was filed in an effort to delay trial. Judge Brun sentenced Bolen to a suspended sentence of 72 hours in the Caddo Parish jail and imposed a suspended $100 fine. Then, Judge Brun placed Bolen on probation for six months, during which time Bolen could not be found in contempt of any court, or his probation would be revoked.
On appeal, Bolen argues that both of Judge Brun's contempt rulings are in error and should be reversed. Alternatively, Bolen argues that the punishments are excessive.

Applicable Law
Contempt proceedings in civil cases are regulated by La. C.C.P. arts. 221, et seq. and La. R.S. 13:4611. "A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority." La. C.C.P. art. 221.
La. C.C.P. art 222 defines a direct contempt as one which is committed in the immediate view and presence of the court and of which it [the court] has personal knowledge. Spencer v. Dixon, 248 La. 604, 181 So.2d 41, 44 (La.1965). The article also sets out certain acts which constitute direct contempt of court. Judge Brun specifically found that Bolen violated Subsection 3 of Article 222, which provides:
(3) Use of insulting, abusive, or discourteous language by an attorney or other person in open court, or in a pleading, brief, or other document filed with the court in irrelevant criticism of another attorney or of a judge or officer of the court.
Under La. C.C.P. art. 223, a person who has committed a direct contempt of court may be found guilty and punished by the court without any trial other than an opportunity to be heard orally by way of defense or mitigation. The procedural safeguards, including the right to a hearing and the right to counsel, do not attach to direct contempt, because all of the facts constituting a direct contempt are within the knowledge of the court. In re Merritt, 391 So.2d 440 (La.1980).
The penalty for direct contempt of court is found at La. R.S. 13:4611, which reads in pertinent part:
Except as otherwise provided for by law:
(1) The supreme court, the courts of appeal, the district courts, family courts, juvenile courts, and the city courts may punish a person adjudged guilty of a contempt of court therein, as follows:
(a) For a direct contempt of court committed by an attorney at law, by a fine of not more than one hundred dollars, or by imprisonment for not more than twenty-four hours, or both; and, for any subsequent contempt of the same court by the same offender, by a fine of not more than two hundred dollars, or by imprisonment for not more than ten days, or both;

*96 * * *
Proceedings for contempt must be strictly construed, and the law does not favor extending their scope. In re Merritt, supra; Parish of Jefferson v. Lafreniere Park Foundation, 98-345, p. 8 (La. App. 5th Cir.9/15/98), 720 So.2d 359, 364, writ denied, 98-2598 (La.10/28/98), 723 So.2d 965; Estate of Graham v. Levy, 93-0636, (La.App. 1st Cir.4/8/94), 636 So.2d 287, 290, writ denied, 94-1202 (La.7/1/94), 639 So.2d 1167. Furthermore, contempt proceedings are designed for the vindication of the dignity of the court rather than for the benefit of a litigant. Parish of Jefferson, supra.; Midyett v. Midyett, 32,208 (La.App.2d Cir.9/22/99), 744 So.2d 669, 672.
While a contempt proceeding ancillary to a civil action may assume the quality of a criminal proceeding after a criminal sentence is imposed, the trial court is not required to impose criminal punishment in the form of a determinate sentence, without conditions or a purge clause, and may do so only if constitutional protections were afforded the defendant throughout the proceeding. Fontana v. Fontana, 426 So.2d 351 (La.App. 2d Cir.), writ denied, 433 So.2d 150 (La.1983); Brown v. Taylor, 31,352 (La.App.2d Cir.2/26/99), 728 So.2d 1058; Midyett, supra. If it is criminal contempt, the standard of proof is "beyond a reasonable doubt." State in Interest of R.J.S., 493 So.2d 1199, 1202-1203 (La.1986); Parish of Jefferson, supra at p. 8. In addition, the standard for appellate review is whether the evidence, viewed in the light most favorable to the prosecution, was sufficient for a rational trier of fact to conclude that every element of the crime of which defendant was convicted was proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State in Interest of R.J.S., supra.
In a civil contempt, the stringent criminal burden of proof and standard for appellate review do not apply. Parish of Jefferson, 720 So.2d at p. 9, 364-365. The burden of proof for civil contempt is by a preponderance of the evidence, and appellate review is by the manifestly erroneous standard. State v. Taylor, 554 So.2d 232, 233 (La.App. 2d Cir.1989), writ denied, 556 So.2d 559 (La.1990); Parish of Jefferson, supra.

Discussion
As a preliminary matter, considering the punishment of the court, we note that Bolen was held in civil contempt. The trial court's sentence of incarceration in this case is conditional, because successful completion of the six month probation period effectually "purges" Bolen of the jail sentence. Therefore, the contempt proceedings were civil in nature, and Bolen was not entitled to the protections due a criminal offender, i.e., a hearing, the right against self incrimination, and other constitutional protections. Spencer, supra; La. C.C.P. art. 223. Additionally, since Bolen's contumacious behavior in the two incidents for which he was punished amounted to direct contempt, the hearing required for a constructive contempt was unnecessary. Cf., In re Merritt, supra.
On appeal, Bolen contends that his courtroom behavior did not rise to the level of disrespect warranting the contempt findings. Instead, Bolen first argues that his conduct with respect to opposing counsel was merely zealous representation of his client. We disagree.
A reading of the transcript of the September 21 recusal hearing reveals that on at least three separate occasions, Bolen stated that opposing counsel was trying to mislead the court when she referred to testimony in two depositions in support of *97 her arguments during the prior hearing before Judge Crichton regarding the discovery dispute. More specifically, Bolen argued that:
[T]his Court and Judge Crichton has been misled by plaintiff's counsel by pleading and verbally in open court. She has misled both courts into believing we [defendant] didn't contact these people when our assertions to counsel of plaintiff had been continuous ...
After Bolen's argument, Judge Brun ruled as follows:
I do have another matter that I need to address, and that is what I perceive to be contemptuous behavior in court. Three times in closing argument it was represented to me that in this very argument Ms. Kosmitis had endeavored to deceive the Court. And I ... and she was accused of endeavoring to mislead the Court for referring the Court to particular pages of two depositions.
I have looked at the depositions. I have looked at the parts that both people have asked me to look at. And I see absolutely no effort to mislead and, frankly, I think that comes under Code of Civil Procedure Article 222, Paragraph A, Subparagraph 3. That was done three times in closing arguments.
At other times it was ... done, but I... make some allowance for the heat of the moment. I think perhaps there was some things said that ... probably on reflection wouldn't have been said. But in closing argument, he claimed three times that an officer of the Court has tried to mislead the Court this morning. It puts the lawyer making those baseless allegations in violation of 222.
* * *
My impression is that this language was made in anger, that it was abusive to opposing counsel. I find you in contempt....
From our review of the record, we find that the trial court acted well within its discretion in determining the contempt violation for Bolen's "use of insulting, abusive and discourteous language" "in irrelevant criticism of another attorney." La. C.C.P. art. 222(3). While Bolen may have been focused on an issue different from the one argued by plaintiffs' counsel and understood by the trial court, it is no justification for his abusive accusations. The trial court assessed Bolen's accusations as having been made in anger and upheld the dignity of the court by its action. The trial court's finding of contempt for the unprofessional exchange directed at an officer of the court is affirmed.
Secondly, Bolen argues that Judge Brun's finding that he was discourteous to Judge Crichton during his cross-examination of the judge is in error. Nevertheless, we find support for the ruling in the record. For instance, at the recusal hearing, Bolen accused Judge Crichton of losing his temper with the firm's young associate at Davis's hearing to compel deposition attendance. However, when Judge Brun asked Bolen to point to the occurrence in the record, Bolen admits that there is no evidence that Judge Crichton actually lost his temper. Additionally, as the court properly noted, Bolen did not ever raise any accusations about Judge Crichton's temper in his motion to recuse.
In addition, Bolen claims that the record does not reflect that he used a harsh tone when questioning Judge Crichton, nor did opposing counsel object to any improper or rude questioning. However, the record reflects that Davis's counsel made an explicit objection to Bolen's behavior toward Judge Crichton when she stated that Bolen was "showing unprofessional courtesy to theJudge Crichton at this time...." *98 Since the actual tone of Bolen's questioning is obviously not reflected in the written record before us, great deference to the fact-finder on this issue is required. This appellate court will therefore afford the trial court much discretion in measuring what it deems as contemptuous conduct in its courtroom, and from the record, we find no manifest error in the finding of contempt.
Next, Bolen argues that the trial court failed to give him notice and to define exactly which acts it deemed contemptible before the October hearing. At the close of the September hearing, the trial court set the hearing for contempt based upon Bolen's written allegations of Judge Crichton's bias which the trial court found to be unsubstantiated at the recusal hearing. When the contempt violation and sentence was actually imposed at the October hearing, the trial court ruled that Bolen's cross-examination of Judge Crichton was discourteous and that Bolen's motion to recuse was unnecessarily filed as a delay tactic.
We find this argument regarding notice for the October hearing likewise without merit. Under La. C.C.P. art. 222, discourteous language directed to a judge in open court is a direct contempt. Accordingly, at the earlier recusal hearing, Judge Brun could have simply found Bolen in contempt of court for discourtesy to Judge Crichton, without holding the October hearing.[1]
Lastly, Bolen contends his punishment is excessive. The sentence in a contempt proceeding is within the sound discretion of the trial court and will not be inquired into by the reviewing court, as long as the punishment imposed was within the limits fixed by law. Gautreau v. Gautreau, 225 La. 254, 72 So.2d 497 (La. 1954). It is also recognized that a defendant has no right to a suspension of sentence in a contempt proceeding but, is in fact, the beneficiary of the court's clemency when such a suspended sentence is imposed. Goins v. Goins, 437 So.2d 947 (La.App. 2d Cir.1983). Considering the discovery abuses and delay tactic used in this suit, we do not find that a total punishment of $200 and 72 hours in jail, all of which were suspended, adequately reflects Bolen's behavior. As such, we hold that the trial court's punishment falls well within its vast discretion and within the limits allowed by La. R.S. 13:4611.

Conclusion
For the reasons stated above, the judgments of the trial court are hereby affirmed. Costs of this appeal are assessed to appellant, James A. Bolen, Jr.
AFFIRMED.
NOTES
[1] La. C.C.P. art. 863 deals with an attorney's signing and certification of pleadings. The trial court's finding that Bolen's motion to recuse was filed to delay trial falls under article 863's prohibition against filing pleadings which are "interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Although article 863(E) requires a hearing before any sanctions can be imposed, Bolen did have a hearing in October 2000 to present his defense. Nevertheless, we affirm based upon the finding that Bolen's arguments accusing plaintiff's counsel of misleading the court and his discourteous questioning of Judge Crichton are sufficient grounds for the two contempt rulings.