JUDE G. GRAVOIS, Judge.
I ¡Appellant, Manuel Torres, appeals the trial court’s judgment denying his motion for contempt against his ex-wife, Nancy Torres. For the reasons that follow, we affirm.

PROCEDURAL HISTORY

Manuel and Nancy Torres were divorced on August 5, 1999. They are the parents of one child, Elisa Michelle Torres, who was born on August 18, 1984. On September 11, 2001, they entered into a stipulation in open court partitioning their community property. A Consent Judgment to that effect was signed by the trial court on October 23, 2001. It provided in part that Nancy “shall open a bank account on behalf of the minor, Elisa Michelle Torres and deposit the total sum of TWENTY FOUR THOUSAND FOUR HUNDRED DOLLARS ($24,400.00) dollars [sic] in a period not to exceed five (5) years from the date of this judgment.”
|sOn February 26, 2010, Manuel filed a “Motion for Citation of Contempt” against Nancy, alleging that she did not deposit the $24,400.00 into a bank account on behalf of the minor as called for in the Consent Judgment, and “has willfully and continuously failed to pay the above-mentioned obligation(s) to the petitioner.” The motion further alleged that Nancy was “guilty of contempt of the lawful authority of this court and have [sic] violated and will continue to violate the judgment of this court rendered herein, thus plaintiff should be punished for her contempt.”
On May 10, 2010, the parties appeared before a hearing officer who recommended that Nancy be found in contempt of court for failure to make payment into an account on behalf of Elisa as called for in the October 25, 2001 Consent Judgment. The hearing officer recommended that Nancy be allowed to purge herself of contempt by paying the amount of $24,400.00 by June 8, 2010. Manuel then moved for a hearing before the district court to enforce payment of the judgment by Nancy, plus costs and attorney’s fees.
At the hearing held on July 8, 2010 before the district court, Manuel’s attorney argued that Nancy had entered into the Consent Judgment that contained a clause wherein she agreed to create a bank account in the name of the minor and deposit $24,400.00 into the account and that she had failed to do so over the five-year period as provided for in the judgment. Nancy’s attorney acknowledged that Nancy had failed to abide by the Consent Judgment. He argued that it was Nancy’s understanding was that she was supposed to deposit this money into an account *425 which was to be turned over to the minor when she turned eighteen. He explained, however, that Nancy did pay for many of her daughter’s expenses, who was twenty-five years old at the time of the hearing. He stated that Nancy had supported her daughter by helping with her wedding, paying rent for her, and that |4she had spent a lot of money on her daughter. He further explained that when the five years had passed and no one had asked her about the account, she thought she had satisfied her obligation because she was providing for her daughter who was now an adult. He stated that no one asked Nancy about the bank account until she received the motion for contempt.
The trial judge interpreted Nancy’s argument to be that she did pay these amounts, just that the funds were not deposited into a bank account. Manuel’s attorney responded that he was not claiming that Nancy did not help her daughter, but he did not think this should count as a credit against the provisions of the Consent Judgment. He argued that this clause in the Consent Judgment provided security “as opposed to just saying, well you know over ten years I’ve probably spent twenty grand on my kids.” In reaching his decision, the trial judge concluded: “The Court doesn’t find Mrs. Torres to be in contempt. I feel that she has complied with the spirit of the obligation by her contributions to her daughter and her husband.”

LAW AND DISCUSSION

On appeal, Manuel argues that the trial court erred in denying the motion for contempt because the Consent Judgment was a valid, lawful, and binding compromise, and because counsel for Nancy admitted that she had not abided to it. He contends that the trial judge’s finding that Nancy had followed the spirit of the obligation is insufficient to nullify the Consent Judgment. He concludes that his motion for contempt was the appropriate procedural device to remedy Nancy’s failure to abide by the Consent Judgment and that the trial court committed manifest error in not holding Nancy in contempt.
UArticle 221 of the Louisiana Code of Civil Procedure defines contempt of court as “any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority. Contempts of court are of two kinds, direct and constructive.” Pursuant to Article 224(2) of the Louisiana Code of Civil Procedure, constructive contempt is the “[w]ilful disobedience of any lawful judgment, order, mandate, writ, or process of the court.” A judgment of constructive contempt must be based on a finding that there was an intentional, knowing, and purposeful violation of a court order by the accused without a justifiable excuse. Lang v. Asten, Inc., 05-1119, p. 1 (La.1/13/06), 918 So.2d 453, 454. A trial court has great discretion in determining whether a person is to be held in contempt and its decision will not be reversed absent an abuse of that discretion. Smith v. Smith, 35,378-379 (La.App. 2 Cir. 9/26/01), 796 So.2d 726, 731.
In this case, counsel for Manuel admits that Nancy supported their daughter and explained that the clause in question provided security for support. Although counsel for Nancy admits that she did not deposit the required funds into a bank account as called for in the Consent Judgment, he explained that Nancy had complied with the spirit of the judgment in that she had paid numerous expenses for her daughter after she had reached the age of majority. The trial judge agreed, denying the motion for contempt. After thorough review, we find no abuse of the trial court’s discretion in that ruling.
*426 The motion alleges that Nancy has “continuously failed to pay the above-mentioned obligation(s) to petitioner.” Manuel thus argues that the trial court erred in failing to find Nancy in contempt because his community property settlement has been diminished as a result of Nancy’s noncompliance with the Consent Judgment. This argument is without merit. A contempt proceeding is designed for | Bvindication of the dignity of the court rather than for the benefit of a litigant. Davis v. Harmony House Nursing Home, 35,080 (La.App. 2 Cir. 10/31/01), 800 So.2d 92, writ denied, 01-3162 (La.2/22/02), 810 So.2d 1143.
Finally, Manuel argues that the trial judge erred in not allowing him to call witnesses in support of his motion for contempt. This argument is also without merit. Whether or not Nancy deposited the funds into an account was not in dispute, and thus there was no need for testimony to that effect. Hence, the trial court correctly found that testimony would not accomplish anything in this matter; rather it would “just perpetuate what is already in the record.”

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to appellant.

AFFIRMED

WICKER, J., dissents with reason.