139 So.2d 216

Succession of Katie ROTH, Widow of
Frederick FRANZ.

No. 45902.

March 26, 1962.

Joseph V. Ferguson, II, New Orleans, Thomas J. Kliebert, Gramercy, for applicants.

George Piazza, Felix W. Gaudin, Jones T. Prowell, Harry McEnerny, Jr., Lee C. Grevemberg, New Orleans, for respondents.

McCALEB, Justice.

The validity of the last will of Mrs. Katie Roth Franz, naming Mark J. Falgoust as executor and universal legatee, was upheld after protracted litigation and the judgment of the district court, which dismissed the contentions of the various opponents to the probate of the will, was affirmed by this Court. See Succession of Franz, 232 La. 310, 94 So.2d 270. Subsequently, several rules to fix fees and tax costs were brought in the succession proceedings against the opponents of the will. In one of these rules, Falgoust claimed $1629.94 for expenses and costs allegedly incurred by the succession in taking the depositions of three of the opponents, John W. Kleis, Thomas Kleis and William Kleis, at their domiciles in the State of New York. This demand was rejected in the trial court and, on appeal, the Court of Appeal, Fourth Circuit, affirmed the ruling of the judge as well as his decision as to other items for which Falgoust had sought recovery. See Succession of Franz, 133 So.2d 140. Falgoust then applied for certiorari and a writ was granted but restricted to a consideration of the claim for costs and expenses incurred in taking the depositions of the three opponents above referred to.

It appears from the record that, when the Kleis opponents filed their suit attacking the will of Mrs. Franz, Falgoust obtained an order to take the depositions of the three above named Kleis petitioners and employed a New York attorney to file proceedings in a New York court to require the deponents to appear and testify. One of the attorneys representing Falgoust went to New York and was present when the depositions were given. The cost of taking the depositions amounted to $405.90 and, in addition thereto, Falgoust demands $724.04 for the transportation and expenses of his attorney to New York and return and also $500 for a fee paid to the New York lawyer for securing the order for the witnesses to appear at a certain time and place.

The depositions were taken in July, 1954. Subsequently, in 1955, during the trial of the oppositions to the probate of the will, these depositions, according to the testimony of Falgoust's counsel (which is uncontradicted), were offered and received in evidence without objection and, on January 3, 1956, before the case was submitted for decision, they were filed with the minute clerk of the division of the Civil District Court in which the succession proceeding was pend-

ing. In disallowing the claim the district judge ruled that, since the depositions were taken purely for discovery purposes, they were not properly taxable as costs under the law.

In approving the decision, the Court of Appeal pitched its opinion on an entirely different ground. It found that the depositions were improperly admitted at the trial for the reason that they were without any evidentiary value whatsoever; that a large part of their contents consisted of hearsay and that the balance was not material to the issues involved in the case. From this premise the court concluded that the costs of the depositions were not taxable because, under specific provisions of the discovery statute (R.S. 13:3745),[1] They were usable only "so far as admissible under the rules of evidence".

■ We think that the deduction of the Court of Appeal is incorrect. In the absence of a statutory mandate, an appellate tribunal is without right to pass upon the admissibility of evidence which has been offered and received at the trial without objection. Accordingly, since the uncontest-

ed proof shows that the depositions were offered and received in evidence, the costs thereof were taxable against the party or parties cast in the judgment under Article 549 of the 1870 Code of Practice, which was in effect at the time this case was decided in the lower court,[2] provided they were embraced within the provisions of R.S. 13:-4533.[3]

■ It is the well-settled jurisprudence of this State that the only costs taxable against a litigant are those provided for by positive law. See Cline v. Crescent City Railroad Company, 42 La.Ann. 35, 7 So. 66 (costs of printing briefs in the Supreme Court); Boagni v. Police Jury (La.App.) 145 So. 781 and other cases, especially those involving the taxation of attorney fees as costs. Hence, to determine whether the costs of the discovery depositions taken by Falgoust are taxable, it is necessary that they fall within the purview of R.S. 13:-4533, which provides as follows:

"The costs of the clerk, sheriff, witness' fees, *costs of taking depositions and copies of acts used on the trial,* and all other costs allowed by the court,.

---

1. Act 202 of 1952, pertaining to depositions and discovery, became part of the Revised Statutes as R.S. 13:3741 through 13:3794. These provisions have been since incorporated in the Louisiana Code of Civil Procedure. See Articles 1421 through 1515.
2. Article 1920 of the Louisiana Code of Civil Procedure has superseded Articles 549 and 552 of the 1870 Code of Prac-

tice and the judge is now given discretion to render judgment for costs as he may consider equitable.
3. Article 552 of the Code of Practice of 1870 also defines certain taxable costs including the compensation to be allowed for experts, auditors or judicial arbitrators. However, the costs of taking depositions is covered, in the main, by R.S. 13:4533.

shall be taxed as costs." (Emphasis ours.)

This statute is a duplicate of Section 750 of the Revised Statutes of 1870, which was based on and is identical with Section 4 of Act 122 of 1855. At the time that this statute was embodied in the Revised Statutes of 1950, there was no law in Louisiana authorizing bills of discovery as such. In view of this, counsel for the Kleis heirs contends that recovery of costs of discovery depositions have not been sanctioned by positive law forasmuch as the Legislature, in speaking of depositions in 1950, could not have had in mind discovery depositions as discovery proceedings were unauthorized in this State before the effective date of Act 202 of 1952, which was not made part of the Revised Statutes until that year.

We find no merit in this contention. R.S. 13:4533 declares that the costs of taking depositions used on the trial shall be taxed as costs. This language is explicit and must be held to include all depositions, whether taken for proof of a claim or the defense of a claim, or for discovery purposes, provided the depositions are "used on the trial".

Counsel for Falgoust proclaim that R.S. 13:4533 does not require that the depositions be used on the trial and they point with confidence to our decision in Succession of Moody, 229 La. 30, 85 So.2d 20, as complete authority for this proposition.

Succession of Moody involved the fixing of expert fees together with the costs of depositions taken of several experts and expenses in connection therewith. It was contended by the unsuccessful litigant that the costs of these depositions were not taxable because the depositions were not used on the trial, he having voluntarily dismissed his action attacking the will prior to the day fixed for the trial. We rejected the contention and stated that the litigant was not in a position to urge the objection that the depositions were not used at the trial since he had prevented their use by his discontinuance of the suit. However, we also ruled that the clause contained in R.S. 13:4533, reading "costs of taking depositions and copies of acts used on the trial, * * * shall be taxed as costs" covered all costs of taking depositions, whether they were used on the trial or not, because the phrase "used on the trial" applied only to "copies of acts" and did not modify or affect clerks' costs, sheriffs' costs, witness' fees or "costs of taking depositions".

A reconsideration of this latter ruling has convinced us that, while the phrase "used on the trial" may be grammatically interpreted to apply only to the words "copies of acts" which immediately precede it, such a limited construction is not wholly consonant with the intent the Legislature sought to express by the entire clause. As we now

view the provision of the statute, we discern that the clause "costs of taking depositions and copies of acts used on the trial", being a separate and distinct clause, set off by commas from the other provisions of the Act, was essentially intended to render taxable only such depositions which were "used on the trial" as distinguished from the other items of costs enumerated—i. e., the costs of the clerk, sheriff and witness' fees, the recovery of which, of course, bears no relation to their use on the trial. The single exception, and probably the only reasonable ground for departing from the statutory requirement as to depositions, was present in the Moody case, that is, where the losing party has made compliance with the statute impossible by dismissal of the suit before the depositions can be used at the trial.

In the case at bar, it appears that the depositions were filed with the Minute Clerk on January 3, 1956. This filing would not, of itself, suffice to comply with the statute which, as above pointed out, makes it necessary that the depositions be "used on the trial". However, as stated above, counsel for Falgoust testified at the trial of the rule to tax costs that he offered the depositions in evidence and that they were received without objection. This testimony is uncontradicted by the defendants in rule.

Counsel for the Grimaldi heirs and F. W. Gaudin, some of the defendants in rule, in

a late brief (the case was argued and submitted for decision on February 20, 1962 and the brief was filed on February 26, 1962) declare that, in the event this Court should hold that the costs of the depositions are taxable, such costs should not be assessed against these defendants as the depositions were without any evidentiary value as to them, the nature of the testimony being confined to the relationship of the Kleis heirs to the decedent and their knowledge of the facts concerning the numerous allegations contained in the petition on which their attack on the will was based.

The point cannot be sustained. These defendants in rule, who attacked the last will of Mrs. Franz on the same grounds as the Kleis opponents, could have, by objection to the admission of the depositions, had their use and effect limited to the Kleis opponents. Failing in this, they are responsible with the other opponents for the costs of the depositions, if the admission in evidence constitutes the use of the depositions on the trial, as provided by the statute.

■ We think that, in employing the phrase "used on the trial" as a condition upon which costs of depositions and copies of acts are made taxable, the Legislature intended that their introduction and acceptance in evidence would constitute such use. If the depositions are irrelevant or im-

material, as the defendants here claim and as the Court of Appeal found, the party or parties against whom they are offered have a remedy by timely objection thereto.[4]

We conclude that the costs of the depositions, which are established to be the sum of $405.90, are recoverable against all defendants in rule. On the other hand, the expenses of Falgoust's attorney for his journey to New York and return, amounting to $724.04, do not properly come within the costs of depositions made taxable by R.S. 13:4533. Nor is the $500 fee of the New York attorney hired by Falgoust to obtain an order for the witnesses to report at a certain time and place taxable as costs of the depositions.

For the reasons assigned, the judgment of the Court of Appeal is reversed to the extent hereinabove indicated and it is now ordered that the judgment of the district court of September 8, 1958, be amended by increasing the amount thereof to $6507.06 and, as thus amended, it is affirmed. The costs incurred in the Court of Appeal and this Court are to be paid by plaintiff in rule.

HAMLIN, J., recused.

4. The observations above made apply to the law as it existed prior to the effective date of the Louisiana Code of Civil Procedure. Under Article 1920 of that Code, the judge is given discretion in render-ing judgments for costs and, in doing so, he is entitled to give consideration to the materiality of the depositions admitted in evidence when their costs are sought to be taxed.