362 So.2d 758 (1978)
Mrs. Mona SEWELL
v.
ARGONAUT SOUTHWEST INSURANCE CO.
No. 61668.
Supreme Court of Louisiana.
September 5, 1978.
Rehearing Denied October 5, 1978.
*759 Fred S. Gahagan, Gahagan & Gahagan, Natchitoches, for plaintiff-relator.
Chatham H. Reed, Simon, Fitzgerald, Cooke & Reed, Shreveport, for defendant-applicant.
DENNIS, Justice.
The issue presented in this workmen's compensation case is whether a judgment which silently passes over an employee's demand for medical expenses precludes relitigation of that issue if no evidence was offered as to the necessity or cost of the expenses.
In a previous workmen's compensation suit the employee was awarded compensation but the judgment was silent as to medical expenses. The employee neglected to offer specific evidence in support of her prayer relating to services necessitated by the accident, although it was obvious from the record that extensive treatment had been required. The employee did not answer the insurer's appeal, and the district court judgment was affirmed. Sewell v. Argonaut Southwest Insurance Company, 338 So.2d 1208 (La.App. 3d Cir. 1976).
In the instant case, the employee sued for unpaid medical expenses in the amount of $1,266.30. The defendant insurance company stipulated that these expenses were necessarily incurred due to the employee's accident but interposed a plea of res judicata, contending that the issue had been finally decided in the previous suit. The district court overruled the insurer's exception and rendered judgment in favor of the employee for medical expenses, penalties and attorney's fees. On appeal the intermediate court set aside the award of medical expenses, *760 except with respect to expenses of $70 incurred after the first suit was filed, and reduced the amount of penalties and attorney's fees. Sewell v. Argonaut Southwest Insurance Company, 355 So.2d 585 (La.App. 3d Cir. 1978).
The theory of civilian res judicata is that matters actually litigated and finally adjudged are presumed correct and, thus, should not be contradicted in a subsequent suit. La.Civ.Code arts. 2284-87, 3556(31); 2 M. Planiol, Civil Law Treatise, pt. 1, no. 54A(2), at 34-35 (11th ed. La.St.L.Inst. Transl.1959); Dixon, Booksh & Zimmering, Res Judicata in Louisiana Since Hope v. Madison, 51 Tul.L.Rev. 611, 617, 622 (1977). It is evident from a decree which expressly grants or rejects a thing demanded that the matter has been adjudged. A demand may also be impliedly rejected by the silence of a judgment which fails to grant the demand, provided that the matter has been actually litigated and finally adjudged so that it became an "object of the judgment." La. Civ.Code art. 2286. Thus, when a litigant interposes a plea of res judicata, the court must examine not only the pleadings but also the entire record in the first suit, to determine whether the availability of the particular form of relief sought in the second suit was actually ruled upon. See, Dixon, Booksh & Zimmering, Res Judicata in Louisiana Since Hope v. Madison, 51 Tul. L.Rev. at 622. In Villars v. Faivre, 36 La.Ann. 398 (1884) this Court identified some of the factors by which it may be determined if a matter was adjudged by the silent rejection of the thing demanded, as follows:
"Our jurisprudence has rested on a solid foundation, the rule that all the issues presented by the pleadings, and on which evidence has been offered, will be considered as disposed of by a final judgment in the cause, and that demands passed over in silence must be considered as rejected in the absence of a special reservation." 36 La.Ann. at 400.
The employee contends that the former judgment's silence on the subject of medical expenses did not constitute an actual litigation of the matter because no evidence was offered in the previous case to prove the medical, surgical and hospital services which the employer was required to furnish. The court of appeal rejected this argument on the ground that "[i]t was obvious from the record that plaintiff had received rather extensive medical treatment. . ." Sewell v. Argonaut Southwest Insurance Company, supra, at 588. We do not agree, however, that unparticularized evidence from which it may be inferred that the employee received medical treatment constitutes evidence offered on and directed toward the issues of the nature, cost and necessity of the medical services. The employee in a workmen's compensation action is obliged to prove with specific evidence the actual medical services rendered as a consequence of the injury. See, La. R.S. 23: 1203. As in deciding any workmen's compensation dispute, in determining whether the employee actually offered such evidence and thereby caused the matter to be litigated, a court shall not be bound by technical rules of evidence or procedure, other than as provided in the workmen's compensation statute, and must decide the merits of the controversy as equitably, summarily and simply as may be. La.R.S. 23:1317. Thus, in the field of workmen's compensation, courts must exercise greater vigilance against the perpetuation of an erroneous decision and less concern for the other conflicting interests served by devices for precluding litigation. See, Dixon, Booksh & Zimmering, Res Judicata in Louisiana Since Hope v. Madison, supra, at 611-12. Accordingly, since no evidence was presented as to the cost or necessity of medical expenses, and because evidence only incidentally related to the nature of the medical services was introduced, we conclude that the questions of the nature, cost and necessity of medical services, if any, to which the employee was entitled as a result of her employment-associated accident were not actually litigated or finally adjudged. The court of appeal, therefore, fell into error when it reversed the trial court judgment and sustained the plea of res judicata.
*761 For the reasons assigned, the judgment of the court of appeal is reversed and the judgment of the district court is reinstated. All court costs are assessed to Argonaut Southwest Insurance Company.
SUMMERS, J., dissents for reasons assigned by the Court of Appeal. See 355 So.2d 585.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
In the first suit, plaintiff sought weekly compensation benefits and payment of medical expenses incurred as a result of an accident on December 26, 1973. Judgment awarding compensation benefits made no mention of medical expenses. Compensation insurer appealed. Plaintiff did not appeal nor did she answer the appeal. Appellate court affirmed making no mention of failure of trial judge to award medical expenses.
Second suit is for medical expenses incurred because of and as a result of plaintiff's injury from accident on December 26, 1973 (same as in first suit). All medical expenses were incurred prior to when first suit filed (except $70 incurred after that date). Court of appeal sustained defendant's plea of res judicata as to plaintiff's demand for medical expenses with the exception of $70 above mentioned.
The record reveals that plaintiff received extensive medical treatment from date of her injury until time that plaintiff's first suit was filed. As noted by the court of appeal, "[p]laintiff simply failed to prove up her claim for these expenses." No contention is made that plaintiff was unaware of her accrued medical expenses or that evidence pertaining thereto was unavailable to her at the time of her first suit.
The object of demand is identical in both suits: plaintiff sought payment of medical expenses incurred as a result of the December 26, 1973 accident. That accident was the cause on which both suits were founded. Additionally, in both suits there was complete identification of parties and the parties confronted one another in the same capacities. Hence, the plea of res judicata should be maintained. La.Civil Code art. 2286.
I consider that the majority opinion encourages piecemeal litigation, subverts the finality of judgments, and renders it virtually impossible to determine when a lawsuit might ever be at an end.
Accordingly, I respectfully dissent.