CUTRER, Judge.
The sole issue in this appeal is whether Roy 0. Martin Lumber Company, Inc. (Martin), third party plaintiff, is entitled to indemnity from third party defendant, Boswell, arising out of a judgment rendered against Martin and Boswell on the main demand in this workmen’s compensation suit.[1]
The record reveals the following facts: Cecil E. Boswell was engaged in the truck *135 ing business. Boswell was delivering cross-ties from different sawmills to Martin’s Alexandria plant. Boswell employed Bobby L. Crowley to drive one of the trucks used in making these deliveries. Crowley was injured on December 28, 1978 while preparing his truck for unloading crossties at the Martin plant. As he began to remove the chains and binders from the truck, some of the crossties fell on his left leg. The injury required the amputation of his left leg below the knee.
Crowley brought this suit against Martin and Boswell for workmen’s compensation benefits, medical and incidental expenses, penalties and attorney’s fees. Martin filed a third party demand against Boswell, his insurer, Hermitage Health and Life Insurance Company, and E. F. Rhodes, owner-lessor of the truck driven by Crowley. In the third party demand Martin prayed to be awarded indemnification from the third party defendants if Martin was found to be liable to Crowley in the main demand. Pursuant to an order of the trial court, the third party demand against Boswell was severed from the demand against the other third party defendants and it was ordered tried with the main demand.
The trial court awarded Crowley the sum of $93.42 per week beginning December 28, 1978, and the payments were to continue during the period of disability which was found to be total and permanent. These payments were subject to credit for payments made by Boswell to Crowley. Boswell had been paying only $85.00 per week as compensation. The court further awarded medical expenses, attorney’s fees and 12 percent penalties on the amounts of compensation and medical expenses due and unpaid. The judgment was awarded against Martin and Boswell, in solido. In his written reasons for judgment, the trial judge found that Boswell was the “immediate employer” and Martin was the “statutory employer” of Crowley, thus, both were liable to Crowley for workmen’s compensation benefits. The trial court judgment was silent as to Martin’s third party demand against Boswell.
Martin complains that the trial judge erred in not granting judgment in its favor on the third party demand for indemnity from Boswell. Martin contends that a stipulation was entered into wherein it was agreed that if Martin was cast in judgment, then Martin would be entitled to a judgment of indemnity against Boswell.[2]
We have carefully reviewed the lengthy colloquy between the trial judge and the respective counsel. Counsel for Martin proposed the stipulation regarding the indemnification. We conclude that counsel for Boswell did not agree to the stipulation proposed by counsel for Martin. In reply to the proposal of Martin’s counsel, counsel for Boswell stated as follows:
“. . .1 would not at all suggest to the Court that under the prevailing law that if he is, in fact, a statutory employer, he is entitled to judgment over against the employer of the plaintiff; . .” (Emphasis added)
This quote does not indicate an acceptance of liability for indemnity on behalf of Boswell.
As there is insufficient proof in the record to satisfy the demand of Martin against Boswell, we cannot modify the judgment of the trial court.
*136 We note that counsel for Martin stated in his brief the reason for this appeal to be as follows:
. . since the judgment entered in the Trial Court was silent with respect to this third party demand, under applicable law the silence of the written reasons and judgment of the Trial Court with respect to this third party demand is considered as a rejection thereof by the Trial Court, in the absence of a special reservation. Cagle v. Spade Drilling Company, Inc., 325 So.2d 354 (La.App. 3d Cir. 1975). Accordingly, this appeal was entered.”
Counsel for Boswell, in his reply brief, however, takes the position that the third party demand between Boswell and Martin was not actually adjudicated at the time of the trial on the main demand. Sinpe it is conceded by Boswell that no adjudication of the demand took place, such demand remains before the trial court for disposition. See Sewell v. Argonaut Southwest Ins. Co., 362 So.2d 758 (La.1978).
For these reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be paid by Roy 0. Martin Lumber Co., Inc., defendant-appellant.
AFFIRMED.

. The workmen’s compensation suit was filed against Dura-Wood Treating Company, as a division of Roy O. Martin Lumber Company, Inc. Judgment was rendered against Martin *135 and Boswell. The judgment made no reference to Dura-Wood. No issue is made of this fact, thus, we will refer to Martin as the defendant.

. Counsel for Martin apparently thought the stipulation had been agreed to, thereby obviating any necessity to introduce testimony or other evidence to establish whether a relationship of principal contractor-subcontractor existed between Martin and Boswell. The record contains no evidence of any such relationship, thus, it cannot be determined if LSA-R.S. 23:1063 is applicable. This article provides as follows:
“A principal contractor, when sued by an employee of a subcontractor or his dependent, may call that contractor, or any intermediate contractor or contractors, as a co-defendant, and the principal contractor shall be entitled to indemnity from his subcontractor for compensation payments paid by the principal contractor on account of an accidental injury to the employee of the subcontractor.”