REDMANN, Judge.
On certiorari, we amend a judgment dismissing on exception of no cause of action a petition to remove the provisional co-administrators of a succession. We amend the judgment to grant leave to amend the petition to cure its defect, in accordance with La.C.C.P. 934.
Petitioners are the beneficiaries of the 87-year-old decedent under a will dated April 18, 1978, and respondent provisional administrators are in-laws and nominees of the beneficiaries of a will dated November 30, 1971. Petitioner Gerald G. Pfister is sole beneficiary under yet another will, dated August 12, 1974 (apparently the date of death of decedent’s husband), and also claims to be her sole legal heir by virtue of a notarial act of adoption dated August 28, 1974 but not recorded until December 13, 1974. Between the date of that act and its recordation, a successful action for decedent’s interdiction was filed on September 4,1974. A suit to annul the act of adoption was filed in 1975 and is still pending; see Poynot v. Pfister, La.App. 4 Cir. 1977, 348 So.2d 98, writ refused La., 351 So.2d 168. Respondent provisional administrators were the co-curators of decedent as an interdict. They and petitioner Pfister have had opposing interests at all times. When they were appointed provisional administrators Pfister sought review from this court but we declined, recognizing the propriety of appointing someone, and noting that the effect of such an appointment is temporary. Meanwhile almost a year has passed and neither will nor adoption contest has been resolved.
The petition to remove the provisional administrators (and their attorneys) merely alleges that the provisional administrators are creating debts for a succession that has $160,000 in cash and that does not require *340 any administration. The petition complains of their obtaining an ex parte order authorizing the sale without advertisement of all of the contents of decedent’s house as wasting assets, using the “perishable goods” procedure of C.C.P. 3264. Petitioners assert in their application for certiorari that the provisional administrators have in fact sold much of the contents to their own relations and friends, all without notice to petitioners.
We first observe that C.C.P. 3111 authorizes a provisional administrator when the court “deems such appointment necessary to preserve, safeguard, and operate the property of the succession.” And C.C.P. 3112 only grants authority and rights “in the discharge of his functions of preserving, safeguarding, and operating the property and business of the succession.”
When Louisiana law did not expressly authorize a provisional administrator, the court out of necessity accepted the judicial creation but limited its function: “under such an appointment the appointee would be rather a guardian or a keeper than an administrator.” Succession of Clark, 1878, 30 La.Ann. 801, 806. See also Succession of Franz, La.App. 4 Cir. 1961, 133 So.2d 140, 143-144 (rev’d in other part, 242 La. 875, 139 So.2d 216). C.C.P. 3111 and 3112 provide a similar limitation by their wording. A provisional administrator does not have all the authority and duties of an administrator or executor, but only those appropriate to preserving, safeguarding, and operating the succession property.
A provisional administrator must be enabled to sell perishable goods, but not, ordinarily, to sell nonperishables. One might suppose that the order authorizing sale of all the contents of the house was simply an unintended overstatement of desired authority to sell some things in the nature of perishables. If that be the case, the order can simply be amended. But if, as petitioners allege in their application, respondent provisional administrators exercise their trust not merely beyond its statutory limit but for the purpose of favoring relatives and friends, that is cause for removing the provisional administrators. Petitioners should be allowed to amend their petition to so allege.
Amended to order amendment within delay to be fixed by the trial judge.