428 So.2d 1355 (1983)
Willie Mae COFFIL and Dorothy Dagues Burrows
v.
Dorothy BOYD, Bayou Chateau Nursing Center, Inc., ABC Corporation, Dorothy Lacour, John Doe and Jane Doe.
No. C 0603.
Court of Appeal of Louisiana, Fourth Circuit.
March 23, 1983.
*1356 Dewitt T. Methvin, Jr., Alexandria, for applicants.
Carol Lynn Doskey, New Orleans, for plaintiffs.
Before REDMANN, C.J., and GULOTTA and WARD, JJ.
REDMANN, Chief Judge.
At a hearing on (a) a motion by two defendants to set for trial and (b) a joint motion by plaintiffs and one other defendant to sustain that defendant's exception of lis pendens and therefore to dismiss, a trial judge in Avoyelles parish entered a judgment reciting that, in response to a motion to set and a joint motion to dismiss, plaintiff's action was "dismissed, with prejudice...."
This Orleans parish action had been filed before the Avoyelles action was filed and was the basis for the lis pendens exception in Avoyelles. The Avoyelles dismissal has now been asserted to constitute res judicata as to the action still pending in Orleans. The Orleans trial judge overruled the exception of res judicata and exceptors apply for writs to review that ruling. The ultimate question is the applicability of La.C. C.P. 1673's rule that a judgment of dismissal with prejudice has "the effect of a final judgment of absolute dismissal after trial."
We consider the application as fully as if we had granted certiorari because, if applicants are correct, the Orleans action would be at an end and therefore writs should be granted; Herlitz Construction Co. v. Hotel Investors etc., 396 So.2d 878 (La.1981). We have not had to grant certiorari to give full consideration because the application and response have furnished copies of virtually the entire Avoyelles record and have argued the matter amply.
We first note that the Louisiana civilian doctrine of res judicata, unlike the common law analogue of judicial estoppel, is stringently limited to cases fulfilling the triple identity test of La.C.C. 2286. Sewell v. Argonaut Southwest Ins. Co., 362 So.2d 758 (La.1978); Mitchell v. Bertolla, 340 So.2d 287 (La.1976); Sliman v. McBee, 311 So.2d 248 (La.1975). See also Dixon, Booksh and Zimmering, Res Judicata in Louisiana Since Hope v. Madison, 51 Tulane L.Rev. 612 (1977). Moreover,
"The theory of civilian res judicata is that matters actually litigated and finally *1357 adjudged are presumed correct and, thus, should not be contradicted in a subsequent suit.... Thus, when a litigant interposes a plea of res judicata, the court must examine not only the pleadings but also the record in the first suit, to determine whether the availability of the particular form of relief sought in the second suit was actually ruled upon." Sewell, 362 So.2d at 760 (emphasis added).
Sewell denied res judicata effect, in a subsequent action for an injured employee's medical expenses, to a "judgment which silently passe[d] over [the] employee's demand for medical expenses" in the employee's earlier, successful action for workers' compensation.
We second observe the necessity, alluded to in the quotation above from Sewell and in many other cases, to examine the first lawsuit in order to determine what was there at issue, actually decided, and therefore a thing adjudged that may not be questioned by another lawsuit. A judgment itself usually does not set forth any more than the court's decision, and it is therefore necessary to review at least the pleadings in order to determine what the lawsuit was aboutwhat was the thing demanded and the cause upon which the demand was based (and, perhaps, the capacity of the parties). Moreover, as Sewell held, a demand made in the petition is not necessarily deemed adjudged by a judgment that is silent as to that demand, and the entire record (including transcript of testimony) may have to be reviewed to determine whether that demand was actually litigated and is therefore precluded from further litigation.
The fundamental demand by the same two plaintiffs in both Orleans and Avoyelles was for delictual damages arising from the same three defendants' alleged breach of duties under certain factual circumstances. Had that demand been litigated and decided in Avoyelles, the Avoyelles judgment would have barred its relitigation in Orleans. But a review of the Avoyelles record (as supplied by applicants and respondents) shows that that demand was never litigated in Avoyelles. All that was litigated in Avoyelles was whether the Avoyelles suit should there go to trial or whether it should be dismissed because of the pendency of the earlier, identical suit in Orleans.
Except for the provision of La.C.C.P. 1673 hereafter discussed, our case would therefore be controlled by cases such as City of New Orleans v. Westwego Canal & Term. Co., 206 La. 450, 19 So.2d 201 (1944), in which the dismissal under former C.C. 3519 of an earlier, identical action for five years' lack of prosecution was held not to constitute res judicata against re-filing the same suit. The Louisiana supreme court "has consistently refused to sustain the exception of res judicata when the prior judgment itself was the result of sustaining an exception that did not represent a final adjudication of the issues." Dixon et al., 51 Tulane L.Rev. at 634. See also Planiol, Traite Elementaire de Droit Civil (La.Law Inst, trans.), II § 54(A)2; Note, 15 Tulane L.Rev. 312 (1941). The dismissal of this action by the Avoyelles court did not adjudicate its merits and therefore should not constitute res judicata as to its merits.
The applicants argue, however, that the wording of the decretal portion of the Avoyelles judgment was "dismissed, with prejudice," and that therefore C.C.P. 1673 gives it "the effect of a final judgment of absolute dismissal after trial."
This argument attributes too much to those isolated words of C.C.P. 1673 and too little to their context in the Code of Civil Procedure as well as in fundamental res judicata theory.
Comment (f) to C.C.P. 1672 declares: "This Title [arts. 1561-1814] does not deal with dismissal on exceptions." The Avoyelles dismissal in our case was a dismissal on exception of lis pendens, and therefore not governed by C.C.P. 1671-1673. Ours was not a simple discontinuance, the voluntary dismissal that art. 1671 permits to a plaintiff before a general appearance by defendant (and that the court "may refuse to grant ... except with prejudice" after a *1358 general appearance by defendant). Nor was ours an involuntary dismissal for failure to appear at trial, art. 1672.
Applicants did argue in Avoyelles, in their opposition to plaintiffs' joint motion (with the third defendant) to sustain the lis pendens exception, and they argue here, that that joint motion was one for voluntary dismissal within C.C.P. 1671 and applicants did ask dismissal with prejudice. But that was and is an incorrect view of what plaintiffs' motion sought from the trial court, and of the motion itself, which amounted to no more than a concession that the Orleans action was indeed a pending suit identical to the Avoyelles suita confession of judgment on the lis pendens exception. Applicants' assertion cannot be allowed to convert plaintiffs' concession of the pendency of a similar suit into an application for voluntary dismissal of plaintiffs' demand. Applicants' opposition to sustaining the lis pendens exception put at issue the question of whether the lis pendens exception should have been sustained or whether instead applicants' motion to set for trial on the merits should have been granted: but, we repeat, that opposition cannot be given the effect of reconstituting plaintiffs' pleading on an exception into an application for voluntary dismissal.
On a showing by exception of lis pendens that two or more identical suits are pending, "The defendant may have all but the first suit dismissed," C.C.P. 531. A judgment or judgments dismissing all but the first case are not allowed to dismiss the first case, and perhaps that is one reason why Comment (f) to C.C.P. 1672 declares that C.C.P. 1671-1673 (among others) are not applicable to judgments on exceptions. When an exception of lis pendens is at issue, to rule that it is sustained (even "with prejudice") and the suit therefore dismissed (even "with prejudice")or, to compress that two-step ruling into one "dismissed" (even "with prejudice"), as herewould not constitute res judicata as to the merits of the suit. Our judgment is not res judicata as to the Orleans suit under general res judicata doctrine, and it is not made res judicata by C.C.P. 1673 because that article does not apply to judgments on exceptions.
The ruling complained of is correct. Writs are therefore refused.
WARD, Judge, dissenting.
I dissent. Respondents Coffil and Burrows filed suit in the Twelfth Judicial District Court and the Civil District Court for the Parish of Orleans. The petitions are identical. Thereafter both Coffil and Burrows, plaintiffs, and Ms. Boyd, defendant, filed a motion to dismiss without prejudice. Other defendants opposed the motion and moved to dismiss with prejudice. Neither Ms. Coffil nor Ms. Burrows appeared at the hearing of the motions although they filed memorandum. Judgment was rendered dismissing the petition with prejudice, as to that suit only. Obviously, the Trial Judge could not dismiss the suit filed in Orleans Parish; he did not have jurisdiction.
If plaintiffs, respondents herein, objected to the judgment of the Twelfth Judicial District Court, the proper course of action was to either appeal that judgment or to file a petition for annulment in that Court. La.C.C. 2001, et seq. I believe, therefore, that the judgment was res judicata as to the suit filed in Orleans Civil District Court.