LABORDE, Judge.
Plaintiff, W.Q. Wise, Inc., instituted this suit against Gary Ronald Lewing, defendant, to have an Oklahoma judgment against defendant made executory. The trial judge held that a certified copy of the foreign judgment presented during the proceedings was not properly authenticated and could not be made executory. Following all delays for appeal, plaintiff filed a second and identical suit to again have the same foreign judgment made executory. Defendant responded with an exception of res judicata which the trial court sustained, resulting in the dismissal of plaintiffs second action. It is from this second adverse ruling that plaintiff appeals. Since the second suit, now on appeal, asserts the same demand against the same party based on the same cause of action as does the first suit, we conclude that the trial court was correct in granting defendant’s exception of res judicata. We affirm.
Plaintiff obtained a money judgment for $814.13 against defendant in Tulsa County, Oklahoma arising out of an equipment rental agreement. Plaintiff sought to have this foreign judgment made executory by filing suit against defendant in Sabine Parish, Louisiana. On September 1, 1982, judgment was rendered in defendant’s behalf. The trial court held that a certified copy of the foreign judgment offered by plaintiff in the proceedings was not authentic. LSA-C.C.P. art. 2541.
After all delays for appeal had elapsed, plaintiff filed a second and identical law suit, again seeking to have the foreign judgment made executory. Defendant filed a peremptory exception of res judicata which the trial judge sustained on March 13, 1983. This ruling resulted in a dismissal of plaintiff’s second suit. Plaintiff now appeals from this second adverse judgment and alleges in brief that he is appealing from both judgments.
AUTHENTICITY OF THE FOREIGN JUDGMENT
Review of the record indicates that plaintiff did not timely effect an appeal from the first judgment of September 1, 1982. LSA-C.C.P. art. 2087 provides:
“Art. 2087. Delay for taking devolu-tive appeal
Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in the first Paragraph of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later.”
Notice of judgment was given the same day the judgment was rendered. Therefore, plaintiff’s suspensive and devol-utive delays for appeal began to run the day after the judgment was rendered, September 1, 1982, and had long since elapsed by the time plaintiff effected this appeal. We hold that the first judgment, rendered on September 1, 1982, became final and definitive and cannot therefore be appealed *966 from. LSA-C.C.P. articles 1842 and 2087. Accordingly, we will not consider plaintiff’s sole specification of error which questions the trial court’s judgment and ruling in the first suit as to the authenticity of the certified copy of the Oklahoma judgment. The proper method of challenging the judgment of September 1, 1982 and rulings therein would have been to effect a timely appeal. We cannot allow plaintiff to refile his suit in order that he might resurrect and reliti-gate issues from a final and definitive judgment. The trial court properly disposed of this attempt by dismissing the second law suit on the peremptory exception of res judicata. In Reaux v. Iberia Parish Police Jury, 411 So.2d 727 (La.App. 3rd Cir.1982) we stated:
“In order to maintain an exception of res judicata in a subsequent action, three things must occur. The subsequent action must (1) contain the same parties, (2) be based on the same “cause” and (3) the thing demanded must be the same. LSA-C.C. art. 2286; Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978); Mitchell v. Bertolla, 340 So.2d 287 (La.1976).”
The theory of civilian res judicata is that matters actually litigated and finally adjudged are presumed correct and, thus, should not be contradicted in a subsequent suit. LSA-C.C. arts. 2284-87, 3556(31); Sewell v. Argonaut Southwest Ins. Co., 362 So.2d 758 (La.1978).
Upon thorough review of all the pleadings and record, it is obvious that the second suit asserts the same cause of action, between the same parties, for the same object of demand, as does the first suit. We therefore hold that the trial court properly dismissed the plaintiff’s second suit by sustaining defendant’s exception of res ju-dicata.
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.