472 So.2d 312 (1985)
Jack Roland LeBLANC, Appellant-Defendant,
v.
Marlene King LeBLANC, Appellee-Plaintiff.
No. 84-535.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1985.
*313 Jack Roland LeBlanc, in pro per.
Marlene King LeBlanc, in pro per.
Before FORET, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
This is an appeal from a judgment of the trial court finding defendant Jack Roland LeBlanc in contempt of court for failing to keep his minor children on his group medical insurance plan in accordance with a Judgment of Divorce rendered on Nov. 16, 1982. We affirm.

*314 FACTS
The never ending saga of LeBlanc v. LeBlanc graces a panel of this court once again. Since a judgment of divorce was rendered on November 16, 1982, Jack LeBlanc has appealed different orders of the Fifteenth Judicial District Court on three occasions. It is his right to do so.
The judgment of divorce awarded plaintiff Marlene King LeBlanc (now Marlene Martin) custody of the two minor children of the marriage and child support payments of $500.00 per month. The judgment of divorce also ordered defendant to "keep the minor children on his medical insurance plan he has with his company."
Three and one-half months later, on March 8, 1983, defendant filed a rule to decrease child support payments. Defendant's motion stated:
"On motion of JACK ROLAND LEBLANC, Mover in Rule herein, who has been condemned by this Honorable Court to pay the sum of FIVE HUNDRED AND NO/100 ($500.00) DOLLARS per month in alimony and child support as well as group insurance, for the support of his two minor children; and on suggesting to this Honorable Court that because Mover JACK ROLAND LEBLANC has experienced a decrease in his earnings since the above child support was set, it is Mover's desire to have the sum which he has been condemned to pay monthly reduced to a more equitable amount by this Honorable Court...."
On June 1, 1983, Judge Douglas Nehrbass modified the amount of child support awarded to plaintiff in the judgment of divorce. The modification decree, signed on June 15, 1983, stated:
"This cause came to be heard on May 9, 1983, for hearing on the Rule to Show Cause, why the amount of child support which defendant, JACK ROLAND LEBLANC, has been condemned to pay, should not be reduced to an amount to be set by this Honorable Court.
....
Considering the evidence presented at trial:
IT IS ORDERED, ADJUDGED AND DECREED by the Court that the child support mover JACK ROLAND LEBLANC is condemned to pay to movant, MARLENE KING LEBLANC MARTIN, be reduced effective June 1, 1983, from FIVE HUNDRED AND NO/100 ($500.00) DOLLARS to FOUR HUNDRED AND NO/100 ($400.00) DOLLARS per month.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that JACK ROLAND LEBLANC, pay the child support due in two increments the first installment of TWO HUNDRED AND NO/100 ($200.00) DOLLARS being due between the 1st and 5th of each month and the second installment of TWO HUNDRED AND NO/100 ($200.00) DOLLARS being due between the 15th and the 20th of each month and to continue until further orders of the court.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the court costs in this matter will be determined at the conclusion of all Rules.
JUDGMENT READ, RENDERED [sic] AND SIGNED on the 15 day of June, 1983, Lafayette, Lafayette Parish, Louisiana.
 s/ Douglas J. Nehrbass
 Judge"
Defendant appealed, alleging that the reduced payments were still excessive. On December 14, 1983, and while the appeal was pending, plaintiff, in proper person, filed a rule to show cause why defendant should not be held in contempt for failing to keep his minor children on his group medical insurance plan.
On February 2, 1984, defendant filed a motion to recuse Judge Nehrbass from the contempt proceedings. The contempt rule was set for trial on February 6, 1984. On this date, the parties, in proper person, met to try the contempt rule. Defendant's motion for recusation listed peremptory grounds for which Judge Nehrbass should be recused. The trial court, therefore, first heard the motion for recusation.
*315 After a hearing before Judge Ronald Cox, the motion to recuse Judge Nehrbass was denied. Immediately following the hearing on the motion to recuse, Judge Douglas Nehrbass returned to the courtroom to hear the rule for contempt. After presentation of the evidence, defendant was found in contempt of court and was ordered to spend five days in jail.
Defendant appeals, contending the following errors:
1. The trial court erred in failing to grant a continuance in defendant's motion to recuse on peremptory grounds as provided in Article 1602 of the Louisiana Code of Civil Procedure;
2. The trial court erred in failing to grant a continuance in defendant's motion to recuse since written notice of the date of the trial was not provided to the parties at least ten (10) days before the date fixed for the trial, as provided by Article 1572 of the Louisiana Code of Civil Procedure;
3. The trial court erred in failing to cast as costs the deposition of Kermit A. Doucet which was submitted as evidence during the hearing of the motion to recuse;
4. The trial court erred in its finding that there was no merit to the motion for the recusation of Honorable Douglas J. Nehrbass, District Judge;
5. The trial court erred in failing to dismiss plaintiff's rule for contempt for lack of subject matter jurisdiction because defendant was granted a devolutive appeal from the trial court's judgment on June 15, 1983, modifying the child support decree previously rendered in the parties' judgment for divorce;
6. The trial court erred in ruling by minute entry on March 5, 1984, that defendant was in contempt of court, when on February 22, 1984, the Honorable Marcus A. Broussard, Jr., had recalled and denied all pending motions, rules, exceptions, etc.;
7. The trial court erred in its finding that the appellant-defendant was in contempt of court for failing to keep his minor children on the group medical plan;
8. The trial court erred in its finding that appellant-defendant should pay for all medical bills for treatment of the minor children.
The evidence presented throughout these proceedings shows that, since their divorce, plaintiff and defendant have not had a congenial relationship. It appears that as a result of their differences, defendant has tried everything within his power to cause plaintiff as much hassle, irritation, turmoil, and expense as possible before she receives any support for the care of their minor children.
Defendant has walked a fine line between action conforming to the numerous judgments awarding child support to plaintiff and action conflicting with these judgments. The major issue before this court is whether the trial court erred in concluding that defendant has crossed that "fine line" and, therefore, has acted in such a contemptuous manner with respect to the orders of the trial court that the authority and dignity of the trial court requires vindication.
We shall now review defendant's contentions of trial court error.

RECUSATION
Defendant filed a motion to recuse Judge Nehrbass alleging that he was a material witness in the cause, that he had been consulted as an attorney in the cause, and that he was interested in the cause.
It is well settled that the trial judge presiding over the court when some rule or order is rendered is the proper party to try the person allegedly disobeying that rule or order. Discon v. Saray, 272 So.2d 439, 443-44 (La.App. 1st Cir.), writ refused, 273 So.2d 299 (La.1973); Spencer v. Dixon, 248 La. 604, 181 So.2d 41, 45 (1965), certiorari denied, 250 La. *316 459, 196 So.2d 275 (1967); City of Gretna v. Rossner, 154 La. 117, 97 So. 335, 336 (1923). Therefore, defendant's motion for recusation was properly overruled.
Since the motion for recusation is without merit and could have been properly overruled without a hearing, defendant's assertions of procedural errors occurring during the hearing of the motion for recusation, if actually errors, are harmless errors.
However, we shall look at defendant's contention that the trial court erred in failing to cast as costs the deposition of Mr. Doucet. The hearing on the motion for recusation was not necessary, but it was, nonetheless, heard. Accordingly, if the deposition was "used at trial," the trial court should have cast the cost of the deposition as part of the costs of the trial proceeding. LSA-R.S. 13:4533; Succession of Franz, 242 La. 875, 139 So.2d 216, 217-19 (1962).
We find that the deposition contained absolutely no testimony concerning the recusation of Judge Nehrbass. It is difficult to conceive how the deposition was "used at trial," but the Louisiana Supreme Court has declared that the introduction and acceptance into evidence of a deposition constitutes such use. Franz, 139 So.2d at 219. Absent statutory mandate, an appellate tribunal is without the right to pass upon the admissibility of evidence which has been offered and received at trial without objection. Id. at 217.
Considering the fact that the parties in this case were before the court in proper person (without representation of counsel), we question whether Franz is clear and proper precedent concerning an appellate court's rights to pass on admissibility of evidence offered, received, and not objected thereto. Nevertheless, we shall follow Franz, and, although we find the trial court erred in refusing to cast the cost of the deposition as costs of the proceeding, we hold that it is harmless error.
An appellate court, like the trial court,[1] has discretion in taxing the costs of the lower court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable. La.C.C.P. art. 2164. Even though we might have no discretion in casting as court costs a deposition introduced and accepted at trial, we do have great discretion in determining to whom the cost of the deposition is to be taxed.
We find that the deposition contained absolutely no testimony concerning the motion for recusation and that it totally failed to increase defendant's chances during the hearing on the motion for recusation. Therefore, we find that the cost of the deposition, if it were taxed as court costs, should be borne by the defendant. See Busalacchi v. Vogel 429 So.2d 217, 223-24 (La.App. 4th Cir.1983). Since defendant has initially paid for the deposition, we find it unnecessary to reverse the error of the trial court because defendant has already borne the cost of the deposition.

SUBJECT MATTER JURISDICTION
Defendant claims that the trial court was divested of jurisdiction and, therefore, could not have heard plaintiff's contempt rule because defendant was previously granted a devolutive appeal from the trial court's judgment which plaintiff claims defendant was violating.
An appeal divests the trial court of jurisdiction "over all matters in the case reviewable under appeal." La.C. C.P. art. 2088. However, an appeal shall not suspend the execution of a judgment in so far as the judgment relates to custody *317 or alimony.[2] Even though the trial court's judgment may be amended on appeal, its effect continues until the appellate court judgment becomes final. See Fontana v. Fontana, 426 So.2d 351, 355 (La.App. 2nd Cir.), writ denied, 433 So.2d 150 (La.1983). Also, defendant took a devolutive appeal which does not suspend the execution of an appealable order or judgment. La.C.C.P. art. 2087. Therefore, the trial court retained jurisdiction to give effect to the judgment rendered when its execution or effect was not suspended by the appeal. La.C.C.P. art. 2088(7). This specification of error is without merit.

JUDGMENT BY HONORABLE MARCUS BROUSSARD, JR., SIGNED ON FEBRUARY 22, 1984
On February 22, 1984, Judge Broussard presided over a hearing of a series of pleadings, exceptions, motions, and rules. That day he read, rendered, and signed a judgment which stated the following:
"All pleadings, exceptions, motions, rules, etc. presently pending in this suit came on this day for trial. Present:
JACK ROLAND LEBLANC
In Proper Person
and
MARLENE KING LEBLANC
In Proper Person
For oral reasons handed down this day,
IT IS ORDERED, ADJUDGED AND DECREED that all of the motions and rules presently pending between the parties are hereby denied and recalled.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the right is reserved to both parties to file hereafter any additional pleadings which they may deem necessary to have their claims and interests interpreted and adjudicated.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all exceptions presently pending before the Court are overruled.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that each party is to pay one-half of all costs presently due in this cause to this date.
JUDGMENT RENDERED AND SIGNED in Open Court on this 22nd day of February, 1984, in Lafayette, Louisiana.
 s/ Marcus A. Broussard, Jr.
 MARCUS A. BROUSSARD, JR.
 JUDGE"
The judgment orally rendered by Judge Nehrbass on February 7, 1984, was not signed until April 4, 1984; over one month after the above judgment was signed. Defendant claims that since no judgment was signed until after February 22, 1984, on the rule for contempt now before this court on appeal, the rule was recalled and denied before the judgment became final. We disagree.
It is true that before a judgment is signed it is inchoate and remains subject to change. See Guidry v. Seacoast Products, 214 So.2d 904 (La.App. 3rd Cir. 1968); see also Bordelon v. Dauzat, 389 So.2d 820, 822 (La.App. 3rd Cir.1980). But the rule for contempt now before this court and heard before Judge Nehrbass on February 6 and 7, 1984, was not brought before and considered by Judge Broussard during the hearing on February 22, 1984. Therefore, despite the judgment signed by Judge Broussard which states that "ALL... rules ... presently pending in this suit came on this day for trial," the rule for contempt heard on February 6 and 7, 1984, did not come before Judge Broussard. Lyons v. Fontenot, 344 So.2d 1068, 1073 (La.App. 3rd Cir.1977); see also Coffil v. Boyd, 428 So.2d 1355, 1357 (La.App. 4th Cir.), writ denied, 433 So.2d 1051 (La.1983) *318 and Sewell v. Argonaut Southwest Ins. Co., 362 So.2d 758, 760 (La.1978).
The judgment signed by Judge Broussard on February 22, 1984, had no effect on the rule now before this court and, for reasons assigned above, defendant's contention of error is without merit.

CONTEMPT
The problem which forced plaintiff to file this rule for contempt was that the parties' children were being denied medical treatment. Both minor children have scoliosis of the spine and require health care. They were being refused treatment because their medical bills were not being paid.
The medical bills first began accumulating when defendant changed jobs and was forced to cancel his health insurance plan with his former employer. He promptly acquired a new health insurance plan with his new employer and, as required by court order, his children were insured under it. Along with the new insurer, there was a new deductible for which plaintiff was responsible. The record indicates that defendant periodically changed insurance companies. As happened once before, with each new insurer, plaintiff was responsible for a new deductible. Plaintiff accumulated very little medical expenses beyond the deductible under any of the insurance plans. The result was that plaintiff was bearing most of the cost of her children's medical expenses and she could not meet the payments.
In addition to the above, defendant also acted in bad faith when a claim was recoverable under an insurance plan. He refused to send in forms until he was forced to do so. He also made no attempt to provide the information required by the claim forms accurately and responsibly. For example, on one form, when asked to describe the condition for which the claim is being made, he stated; "My daughter does not reside with me, and my ex-wife does not allow her to communicate with me, therefore I have no idea of the nature of her illness." Defendant mailed this form into the insurance agency. He is an insurance agent and we can presume he knew that the insurance agency would not pay on a claim when such an answer is given. Defendant could have simply signed the claim form and then delivered it to plaintiff in order to have the claim form completed in more detail. He instead chose to give unresponsive answers to important questions on the form.
Defendant was the insured under the policy and, as such, was required to sign any claim form sent to the insurance agency by his children. The necessity of his signature provided defendant with total control over insurance claims. It is clear that he used his control over the forms to exasperate plaintiff; all at the expense of his own children. By disrupting and delaying every insurance claim made by his children, he may be keeping his minor children on his group medical insurance plan, but he is doing so improperly.
Defendant claims that the trial court erred in finding him in contempt of court. he contends that the modification of the child support decree rendered on June 1, 1983, relieved him of any duty to keep his minor children on his group medical insurance plan and therefore he was under no legal duty to continue coverage for his children under his insurance policy. We disagree.
Our review of the record shows that the hearing which lead to the modification decree dealt only with a question of a decrease in monthly child support payments. The modification decree of June 1, 1983, merely modified the prior child support decree by reducing the amount of monthly child support payments that defendant owed plaintiff from $500.00 to $400.00.
There was testimony pertaining to the medical insurance plan. However, the testimony was admitted only to prove the parties' income and expenses and not to question whether the medical insurance coverage for the parties' children should be canceled. Defendant never asked for termination of the duty to keep his children on his group medical insurance plan and, *319 therefore, it was never considered by the trial judge during the hearing of the motion to modify the child support decree. Lyons, 344 So.2d at 1073; see also Coffil, 428 So.2d at 1357 and Sewell 362 So.2d at 760.
The trial judge concluded that defendant was in contempt for discontinuing the medical insurance coverage for his children on June 1, 1984. We find that the trial judge did not err.

MEDICAL BILLS
In his brief, defendant argues that the trial judge erred by finding defendant should pay for all past due medical bills for the treatment of his minor children. Defendant inaccurately asserts that the trial judge held him responsible for all of the medical bills. After hearing the evidence, the trial judge found defendant was responsible for a certain share of all the medical bills. This finding is primarily factual and shall not be disturbed absent manifest error. See Goins v. Goins, 437 So.2d 947, 950 (La.App. 2nd Cir.1983); Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978). Upon our review of the record, we find no manifest error in the trial judge's conclusions.

SUPPLEMENTAL BRIEF
Over eight months after defendant filed his original brief, he filed a supplemental brief that contained two additional assignments of error.
Considering the following facts: 1) defendant has filed this appeal in proper person and without the advice of counsel, 2) plaintiff, as appellee, has not responded to any brief filed by defendant nor does she intend to do so, and 3) this court's lienient policy allowing supplemental briefs; we have considered defendant's two additional assignments of error.
Defendant contends:
1) The trial judge erred in continuing to preside as judge of this cause, following his voluntary signing of an order for his recusation from a hearing of a rule for contempt held on November 21, 1984.
2) The trial judge erred in increasing the amount of child support that defendant was ordered to pay to plaintiff. There was no evidence introduced at trial to show a change in circumstances of any of the parties to warrant an increase in the child support award.
In response to the first supplemental assignment of error, we rely on our previous discussion of the motion for recusation.
Defendant's second supplemental assignment of error contends that the trial judge erred in increasing his burden of child support when there was "a complete lack of evidence regarding a change in circumstances of any of the parties."
The trial judge ordered defendant to keep his children on his group medical insurance coverage, to pay half of the deductible, and to pay any excess not covered by the policy. The trial judge's order increased defendant's burden over the prior order which only required defendant to keep his children on the group medical insurance plan.
Upon our review of the record, we find a change in circumstances. Defendant overlooks the evidence and testimony presented which proves a detrimental change in circumstances of his minor children. Both of the children have been afflicted with scoliosis of the spine and both of them will require an increased amount of medical treatment.
This assignment of error lacks merit.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to defendant/appellant.
AFFIRMED.
NOTES
[1] Although the trial judge is required to tax as court costs depositions introduced and accepted into evidence, he is also given discretion to consider the materiality of the deposition when its cost is sought to be taxed. See La.C.C.P. art. 1920 and Succession of Franz, 242 La. 875, 139 So.2d 216, 219 n. 4 (1962).
[2] Alimony, according to the Louisiana Civil Code, includes support for children. See La. Civ.Code arts. 229-231.