540 So.2d 436 (1989)
Mona E. LOWE
v.
Paul M. PREJEAN, Sr.
No. CA 87 1780.
Court of Appeal of Louisiana, First Circuit.
February 28, 1989.
William P. Brumfield, Baton Rouge, for plaintiff-appellant Mona E. Lowe.
Dennis R. Whalen, Baton Rouge, for defendant-appellee Paul M. Prejean, Sr.
Before CARTER, LANIER and LeBLANC, JJ.
*437 LeBLANC, Judge.
The issue presented in this appeal is whether the retirement benefits of plaintiff's former spouse were partitioned in the parties' Texas divorce judgment.
Plaintiff, Mona E. Lowe, and defendant, Paul M. Prejean, Sr., were married for approximately twenty-two and one-half years before their divorce on June 16, 1972. Defendant served in the U.S. armed services for a large portion of the marriage. In her petition for divorce, Mrs. Lowe requested a division of the community property, specifically listing her husband's military retirement credits[1] as a community asset. However, the portion of the Texas divorce judgment dealing with the division of community property did not specifically refer to the retirement benefits, but provided as follows:
The Court finds that the parties have agreed upon a division of their community property, and each will take in accordance with the agreement made. The Court finds that certain separate property accumulated during the marriage, and belonging to each of the parties hereto, which is in their possession should be awarded to the person having possession. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that each party hereto take as his or her sole and separate property such property as is presently in his or her possession. The Court finds that certain personal obligations have been incurred by the parties to the marriage, and an agreement has been reached whereby the said obligations are to be assumed by the respondent, cross-petitioner, Paul M. Prejean, Sr.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the respondant (sic), PAUL M. PREJEAN, SR. will pay all outstanding obligations now existing and arising during the course of marriage of the parties herein, and Petitioner, Cross-Respondent, MONA H. PREJEAN will not be held responsible for the same. (underscoring added)
The agreement referred to in the judgment was never reduced to writing. The record before us contains very few details regarding its provisions.
Since their divorce, the parties have been in court on several occasions, both in Texas and Louisiana, on matters relating to custody and support of the minor children born of the marriage. No issue was ever raised in these proceedings regarding Mr. Prejean's retirement benefits. On October 7, 1986, Mrs. Lowe filed the present suit in Louisiana seeking a partition of these benefits. Mr. Prejean, in turn, filed a peremptory exception of res judicata, contending these benefits had already been partitioned by consent in the Texas divorce judgment. Following a hearing at which Mr. Prejean testified and court records from Texas were introduced, the trial court sustained Mr. Prejean's exception and dismissed Mrs. Lowe's suit. Mrs. Lowe has appealed.
Mr. Prejean maintains on appeal that Mrs. Lowe voluntarily compromised her interest in his retirement benefits in exchange for his assumption of all community debts, and that this agreement was incorporated by reference in their Texas divorce judgment. Accordingly, he argues that the issue of the division of his retirement benefits is res judicata. In her brief, Mrs. Lowe argues that defendant has not established that she voluntarily relinquished her interest in the retirement benefits and that this asset was not partitioned by the Texas divorce judgment.
The theory behind the doctrine of res judicata is that matters actually litigated and finally adjudged are presumed correct and, thus, should not be contradicted in a subsequent suit. Sewell v. Argonaut Southwest Ins. Co., 362 So.2d 758 (La.1978) and authorities cited therein. Louisiana jurisprudence is very clear that res judicata is stricti juris. Scurlock Oil Company v. Getty Oil Company, 294 So.2d 810 (La. *438 1974); Higgins v. State, Dept. of H. & H. Resources, 451 So.2d 142 (La.App. 1st Cir. 1984). This doctrine bars relitigation of the object of a judgment when (1) the thing demanded is the same; (2) the demand is founded on the same cause of action; and (3) the demand is between the same parties and is formed by them against each other in the same quality. McGowan v. Ramey, 484 So.2d 785 (La.App. 1st Cir.1986). The party urging the exception of res judicata has the burden of proving each essential element by a preponderance of the evidence. See, Rivett v. State Farm Fire and Cas. Co., 508 So.2d 1356 (La.1987). If any doubt exists as to its application, the exception of res judicata must be overruled and the second suit maintained. Higgins, supra.
Further, a final judgment has the authority of res judicata only as to those issues presented in the pleadings and conclusively adjudicated by the court. McNeal v. State Farm Mutual Automobile Ins. Co., 278 So.2d 108 (La.1973); McKean v. Campbell, 372 So.2d 652 (La.App. 1st Cir. 1979). It is readily apparent from a judgment which specifically grants or rejects a demand whether the matter has been adjudged. It is, of course, more difficult to make this determination when a judgment is silent as to a particular demand. In such cases, the court must examine not only the pleadings, but also the entire record of the first suit, to determine whether the relief sought in the second suit was adjudged in the earlier suit. Sewell, supra.[2]
No evidence was introduced in the Texas divorce proceedings regarding Mrs. Lowe's request for the partition of Mr. Prejean's retirement benefits. This issue was not specifically ruled on by the court, which merely incorporated the parties' agreement into its judgment. The judgment does not indicate whether this agreement included Mr. Prejean's retirement benefits. It simply provides that each party will take property in accordance with their agreement and such property as is presently in their possession.
At the hearing on his exception of res judicata, Mr. Prejean testified that "[t]he agreement [with Mrs. Lowe] was that she had whatever she had in her possession at the time of the divorce." He did not describe the negotiations leading to this agreement, nor specifically state whether it included his future retirement benefits.
Since no specific provision was made for the retirement benefits in the divorce judgment, it must be determined whether the parties intended to include them in their partition agreement. The evidence introduced at the hearing on defendant's exception is insufficient to establish this point. We could overrule the exception of res judicata on this basis. However, because this issue is determinative of the parties' substantive rights, we believe the interests of justice require that the exception be referred to the merits of this suit in order to allow the parties a full hearing on this matter.[3]
For the above reasons, the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings in accordance with this opinion. All appeal costs are to be paid by appellee.
REVERSED AND REMANDED.
CARTER, J., concurs in the result.
NOTES
[1] Mr. Prejean was not retired and was not receiving retirement benefits at the time of the divorce. Therefore, Mrs. Lowe's petition refers to credits for future benefits to be received by Mr. Prejean.
[2] In certain circumstances, a demand passed over in silence may be considered as rejected. R.G. Claitor's Realty v. Juban, 391 So.2d 394 (La.1980); Sewell, supra. This is the case whenever a judgment is silent as to a demand, even though the demand was presented by the pleadings and evidence was offered on it. See, Claitor's Realty, supra; Sewell, supra.
[3] We note that it will also be necessary to determine what law is applicable to the issue of the parties' intent. Ordinarily, Texas law would be applicable since the agreement was confected by the parties in Texas. However, at this point no evidence has been introduced to establish what is the law in Texas. If no such evidence is introduced, it will be presumed that Texas law is the same as Louisiana law and the latter will be applied. Vining v. Bardwell, 482 So.2d 685 (La.App. 1st Cir.), writ denied, 487 So.2d 439 (La.1986).